# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**NICOLE MORGAN**                    )
2001 Spaulding Avenue                )
Forrestville, MD 20746               )
                                     )
    and          )
                                     )
**MARQUETTA BENNETT**                )
1220 Simms Place, N.E.               )
Washington, DC 20002                 )
                                     )
    and          )
                                     )
**STEPHEN MORENAU**                  )        **CASE NUMBER**:
c/o1026 Monroe Street, N.E.          )
Washington, DC 20017                 )
                                     )
    and          )
                                     )
**DELONTA A. REEVES**                )
2420 16th Street, S.E.               )
Apt. 201                             )
Washington, DC 20020                 )
                                     )
    and          )
                                     )
**SANTOS MELENDEZ**                  )
5429 Sargent Road                    )
Hyattsville, MD 20782                )
                                     )
    and          )
                                     )
**FRANK WEST**                       )
c/o 1026 Monroe Street, NE           )
Washington, DC 20017                 )
                                     )
    and          )
                                     )
**JEFFREY THOMAS**                   )
c/o 1026 Monroe Street, NE           )
Washington, DC 20017                 )

*Morgan, et al v District of Columbia, et al (Class Action Complaint for Money Damages, Injunctive Relief, Preliminary Injunction and Jury Demand)*

*THE IWEANOGES' FIRM, P.C. * 1026 Monroe Street, NE * Washington, DC 20017 * (202) 347-7026*

and                                                    )
                                                       )
**ROCHELLE WIGGINS**                                   )
1901 "E" Street, N.W.                                  )
Washington, DC 20019                                   )
                                                       )
     and                                               )
                                                       )
**CHAWNDRA ROYAL**                                     )
c/o 1026 Monroe Street, NE                             )
Washington, DC 20017                                   )
                                                       )
              Plaintiffs                               )
                                                       )
     Vs.                                               )
                                                       )
**GOVERNMENT OF THE DISTRICT OF COLUMBIA**)
                                                       )
SERVE:  Mayor ADRIAN FENTY or his designee             )
Office of the Secretary                                )
Gladys Herring                                         )
John Wilson Building                                   )
1350 Pennsylvania Avenue, N.W.                         )
Washington, DC 20004                                   )
                                                       )
AND SERVE:                                             )
Linda Singer, Attorney General or his designee         )
Office of the Attorney General for D.C.                )
Civil Litigation Section                               )
Janice Stokes or Darlene Fields                        )
441 Fourth Street, N.W.                                )
Washington, DC 20001                                   )
202-727-6295                                           )
                                                       )
              and                                      )
                                                       )
**DEVON BROWN**, individually                          )
Director of the District of                            )
Columbia Department of Corrections                     )
1923 Vermont Avenue, NW, Room 203                      )
Washington, DC 20001                                   )
                                                       )

*Morgan, et al v District of Columbia, et al (Class Action Complaint for Money Damages, Injunctive Relief,*
*Preliminary Injunction and Jury Demand)*

*THE IWEANOGES' FIRM, P.C. * 1026 Monroe Street, NE * Washington, DC 20017 * (202) 347-7026*

Defendants                              )

.........................................................................)

## CLASS ACTION

## COMPLAINT FOR MONEY DAMAGES AND INJUNCTIVE RELIEF AND PRELIMINARY INJUNCTION AND JURY DEMAND

## Introduction

1.  This is an action brought by each of these individuals: Nicole Morgan, Stephen Morenau, Marquetta Bennett, Delonta Reeves, Chawndra Royal, Santos Melendez, Frank West and Jeffrey Thomas, Rochelle Wiggins (the "Named Plaintiffs") on his or her own behalf and on behalf of the class of persons defined below injured by the Government of the District of Columbia's pattern and practice of allowing its Department of Corrections to overdetain pre-trial detainees and post-conviction prisoners. To overdetain means holding a detainee or prisoner in a Department of Corrections facility past midnight of his or her release date, as defined below. The Named Plaintiffs bring this action against the Government of the District of Columbia and Devon Brown, Director of the District of Columbia Department of Corrections ("Department of Corrections"), in his individual capacity.

2.  The Named Plaintiffs bring this action against the Government of the District of Columbia and Defendant Devon Brown in his individual capacity under Section 1983 of the Civil Rights Act of 1871, 42 U.S.C. § 1983, to enforce the Fourth, Fifth, and Eighth Amendments, and through the Fifth Amendment, the standards of the Fourteenth Amendment, for injuries suffered by them, because defendants held them and other

*Page 3 of 24*

*Morgan, et al v District of Columbia, et al (Class Action Complaint for Money Damages, Injunctive Relief, Preliminary Injunction and Jury Demand)*

THE IWEANOGES' FIRM, P.C. * 1026 Monroe Street, NE * Washington, DC 20017 * (202) 347-7026

members of the class at a District of Columbia Department of Corrections facility past their release dates. The Named Plaintiffs also bring this action under District of Columbia law against Defendant Devon Brown in his individual capacity.

## Jurisdiction and Venue

3. This Court has jurisdiction over the case pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343 (a) (3). This Court has jurisdiction over the named Plaintiff's § 1983 claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343 (a) (3). This Court has pendent jurisdiction over the Named Plaintiffs' common law claims against Defendant Devon Brown pursuant to 28 U.S.C. § 1367 (a).

4. Venue is appropriate in this District. Each of the claims for relief arose in this judicial district.

## Class Action Allegations

5. Plaintiffs bring this action under Rules 23 (a), 23 (b) (2), and 23 (b) (3) of the Federal Rules of Civil Procedure on behalf of a class consisting of each individual who has been, is, or will be incarcerated at any District of Columbia Department of Corrections facility until the date this case is terminated, who has not been released, or, in the future, will not be released by midnight on the day of his or her Release Date (defined below).

6. Certification of a class under Federal Rule of Civil Procedure 23 (b) (2) is appropriate, because defendant District of Columbia and Defendant Devon Brown have a pattern and practice that has uniformly affected all members of the class, and injunctive relief against defendant will benefit each and every Plaintiff and class member.

7.   The class is entitled to injunctive relief, for example, hiring the services of an independent monitor to manage the Department of Corrections' inmate management system to ensure that all inmates are released on or before their release dates, and other relief as specified below.

8.   Certification of a class under Federal Rule of Civil Procedure 23 (b) (3) is also appropriate, in that common questions of law and fact predominate over any individual questions, and a class action is superior for the fair and efficient adjudication of this controversy as detailed below.

9.   There are no individual questions on the issue of liability, other than whether an individual was overdetained, and the answer to that question can be determined by ministerial inspection of the Court records and Department of Corrections' records.

10. Records available for inspection include the Superior Court computer system and the Department of Corrections computer systems.

11.  Among the questions of law and fact common to the class are:

   a)   whether Defendant District of Columbia has a pattern and practice of holding detainees and inmates past their release dates;

   b)    whether Defendant District of Columbia has a pattern and practice of being deliberately indifferent to the rights of detainees and inmates by holding them past their release dates;

   c)   whether Defendant District of Columbia's acts as alleged herein violate the Constitution of the United States by holding detainees and inmates past their release dates;

*Morgan, et al v District of Columbia, et al (Class Action Complaint for Money Damages, Injunctive Relief, Preliminary Injunction and Jury Demand)*

*THE IWEANOGES' FIRM, P.C. * 1026 Monroe Street, NE * Washington, DC 20017 * (202) 347-7026*

d)    whether Devon Brown was deliberately indifferent to the rights of inmates and detainees in the custody of the Department of Corrections by failing to supervise his subordinates;

e)    whether plaintiffs and the members of the class have sustained damages and, if so, the proper measure of such damages; and

f)    whether Plaintiffs and the members of the class and future members are entitled to equitable relief, and, if so, what is the nature of that relief.

12.   The class is so numerous that joinder of all members is impracticable. The exact number of class members is unknown to Plaintiffs at this time, but is likely to consist of at least one hundred people.

13.   Defendant District of Columbia has within its records the names and addresses of all the current and past class members.

14.   Another factor making joinder impracticable is that the class includes future inmates at the Department of Corrections facilities, and the future population of such facilities is a group with fluid membership.

15.   The Named Plaintiffs claims are typical of the claims of the other members of the class, as plaintiffs and all other members of the class were injured by exactly the same means, that is, by the overdetention.

16.   The Named Plaintiffs will fairly and adequately protect the interests of the members of the class and have retained counsels who are competent and experienced in Federal Civil Rights litigation.

17.  The Named Plaintiffs have no interests that are contrary to or in conflict with those of the class.

18.  The Named Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action. The class action will be manageable because so many different records systems exist from which to ascertain the members of the putative class.

## **Parties**

19.  Plaintiff Nicole Morgan is an adult resident of the State of Maryland.

20.  Plaintiff Marquetta Bennett is an adult resident of the District of Columbia.

21.  Plaintiff Stephen Morenau is an adult resident of the District of Columbia.

22.  Plaintiff Delonta Reeves is an adult resident of the District of Columbia.

23.  Plaintiff Santos Melendez is an adult resident of the State of Maryland.

25.  Plaintiff Frank West is an adult resident of the District of Columbia.

26.  Plaintiff Jeffrey Thomas is an adult resident of the District of Columbia.

27.  Plaintiff Rochelle Wiggins is an adult resident of the District of Columbia

28.  Plaintiff Chawndra Royal is an adult resident of the District of Columbia

29.  Defendant Government of the District of Columbia (hereinafter the District of Columbia or Defendant District) is a municipal corporation capable of being sued under DC Code § 1-102.

30.  Defendant Devon Brown is the current Director of the Department of Corrections and is being sued in his individual capacity.

31. Defendant Devon Brown has been the Director of the Department of Corrections since January 2006.

## FACTUAL ALLEGATIONS

### District of Columbia's Pattern and Practice of Overdetention
### Introduction and Description of the Problem

32. The Department of Corrections has a long and documented history of overdetaining detainees and inmates past their release dates.

33. "Overdetain" means holding a detainee or prisoner in the department of Corrections' custody past the person's release date.

34. "Release Date" for each detainee or inmate is the day on which the person is entitled to be released by Court order or the date on which the basis for his or her detention has expired.

35. 18 USC § 3624(a) and DC Code § 24-201.06 requires that a prisoner shall be released by the Department of Corrections on the date of the expiration of the prisoners' term of imprisonment, less any time credited toward the service of the prisoners' sentence.

36. "Exit Date" for each detainee or inmate means the date on which he or she was actually released from the custody of the Department of Corrections.

### The Department of Corrections and its Facilities; Responsibility for Administering
### Prisoners in the District of Columbia

37. As Director, Defendant Devon Brown is the policy maker for the Department of Corrections.

38.  Defendant Devon Brown has ultimate supervisory authority for all operations of the Department of Corrections.

39.  Defendant Devon Brown is ultimately responsible for the functioning of the Department of Corrections' records office, as defined below, and all other Department of Corrections facilities.

40.  Defendant Devon Brown is also responsible for ensuring that each employee of the Department of Corrections discharges his or her duties in accordance with the law.

## Components of the Department of Corrections

41.  The District of Columbia Central Detention Facility (hereinafter "DC Jail") is the primary facility used by the Department of Corrections to house inmates.

42.  The DC Jail houses about 2,000 prisoners at any one time.

43.  Most of the prisoners at the DC Jail are either pre-trial detainees, misdemeanants serving sentences, or parole and probation violators.

44.  The Department of Corrections also houses prisoners in its Correctional Treatment Facility (hereinafter "CTF").

45.  CTF is operated by Correction Corporation of America as an annex to the DC Jail under an exclusive contract with the D.C. Department of Corrections.

46.  Prisoners in CTF remain in the custody of the Department of Corrections.

47.  CTF houses about 700 individuals at any one time.

48.  Most prisoners detained in CTF are either pre-trial detainees, misdemeanants serving sentences, or parole and probation violators.

*Morgan, et al v District of Columbia, et al (Class Action Complaint for Money Damages, Injunctive Relief, Preliminary Injunction and Jury Demand)*

*THE IWEANOGES' FIRM, P.C. * 1026 Monroe Street, NE * Washington, DC 20017 * (202) 347-7026*

49.  The Department of Corrections also houses prisoners at various halfway houses located in the District of Columbia.

50.  On information and belief, approximately several hundred prisoners are housed at various Department of Corrections halfway houses at any one time.

51.  Inmates housed at Department of Corrections halfway houses remain in the custody of the Department of Corrections, although they are permitted access to the street in order to work, obtain drug or other substance abuse treatment, or for other purposes.

## The Inmate Management System

52.  Upon information and belief, the records office located at the DC Jail ( hereinafter "Records Office") is responsible for administering and maintaining the records, including the judgment and commitment files, of all persons housed at the DC Jail, CTF and the halfway houses.

53.  The Records Office is responsible for ensuring that all persons housed at the DC Jail, CTF and the halfway houses are released according to their court-ordered Release Dates.

54.  Currently, the receiving and Discharge office located at the DC Jail is the only place where people are booked into and out of the Department of Corrections' custody.

55.  Until about June 2001, people were also booked out of the Department of Corrections' custody directly from the District of Columbia Superior Court.

56.  Almost every inmate taken from custody of the Department of Corrections to Court and ordered released by a judicial officer because the charge is no longer pending is returned to the DC Jail for processing before release rather than being released from the Courthouse.

57. The District of Columbia Superior Court and the United States District Court for the District of Columbia use different computer systems from the computer systems used by the Records Office.

58. Release and commitment data entered into the Court computer systems by Courtroom clerks do not appear in the computer system used by the Records Office, the JACCS system (hereinafter "JACC").

59. As a result, all release and commitment orders generated by Judges in the Superior and District Courts on paper must be hand carried to the Records Office by Marshals as prisoners are bused from the Courthouse to the jail.

60. All processing of release and commitment orders must be done by hand at the Records Office located at the DC Jail.

61. Release and commitment data entered into the Court computer systems by Courtroom clerks must be entered again by hand into JACCS.

62. The name and DCDC number (jail identification number) of every inmate physically entering or leaving the DC Jail is also entered by hand into the "Count" computer, a MacIntosh/Apple computer used to maintain a census of all inmates in the DC Jail at any one time.

### The Cause of the Overdetention Problem – Collapse of the Inmate Management System

63. The cause of the overdetention problem is a deliberate indifference by Defendant District of Columbia to the rights of detainees and prisoners to be released on their

*Page 11 of 24*

*Morgan, et al v District of Columbia, et al (Class Action Complaint for Money Damages, Injunctive Relief, Preliminary Injunction and Jury Demand)*

*THE IWEANOGES' FIRM, P.C. * 1026 Monroe Street, NE * Washington, DC 20017 * (202) 347-7026*

Release Dates, in as much as the Department of Corrections has no effective inmate management system that can ensure release of prisoners by their Release Dates.

64.  The fact that the Department of Corrections has no effective inmate management system has been documented by a series of reports and recommendations dating back to at least one decade.

65.  On information and belief, many of the overdetention problems at the Department of Corrections facilities are caused in part by Records Office employees inaccurately entering, or failing to enter, release or commitment data into the JACCS (Department of Corrections computerized inmate management system).

66.  As more recently as January 2006, the D.C. Department of Corrections was mandated to build a state of the art Inmate Processing Center (hereinafter "IPC") within the foot print of DC Jail site, which will provide adequate processing facilities for intakes and releases, and associated records processing. Nonetheless, upon information and belief, the Department of Corrections has recently aggravated the backlog of overdetained inmates by failing to implement the IPC.

### The Department of Corrections and Director Devon Brown's Knowledge of the Collapse of the Inmate Management System

67.  Defendant District of Columbia has known of the unreliable and disorganized state of the Records office inmate management system for years.

68.  Upon information and belief the Department of Corrections are aware of the problems which have appeared in various reports in the past.

69.  Moreover, jail officials have had personal knowledge of the problem for years.

*Morgan, et al v District of Columbia, et al (Class Action Complaint for Money Damages, Injunctive Relief, Preliminary Injunction and Jury Demand)*

*THE IWEANOGES' FIRM, P.C. * 1026 Monroe Street, NE * Washington, DC 20017 * (202) 347-7026*

**The Department of Corrections and Director Devon Brown's Failure to Take Meaningful, Sustained Corrective Action**

70.  Defendant District of Columbia, the Department of Corrections and Director Devon Brown have acquiesced in the Records Offices' unreliable and disorganized procedures by failing to take meaningful, continued corrective action.

71.  Defendant District of Columbia, the Department of Corrections and Director Devon Brown has failed to take the necessary step to implement the IPC system and ensure that inmates are released on their release date.

**The collapse of the Inmate Management System – A Longstanding, Pervasive and Continuing Problem Known to Jail Officials and City Officials**

72.  Recent examples of overdetention including but not limited to the named Plaintiffs show the overdetention problems persist.

73. Upon information and belief, at any one time up to 5-20% of the Department of Corrections population is being held past their Release Dates.

74. Many inmates held at the District of Columbia Jail and CTF are overdetained by 24 hours or more because the breakdown of the inmate management system has resulted in a backlog of inmates awaiting release and so inmates who have been ordered released by a Judge are held one or more days past their court-ordered Release Dates.

75. Many inmates who have been ordered released by a Court are detained for seven to nine hours past their court-ordered Release Dates because the Department of Corrections has a written policy of not releasing inmates between midnight and 6:00 a.m.

**Plaintiff Nicole Morgan's Overdetention by the DC Jail**

76. Beginning on or about Friday, February 17, 2006, Plaintiff Nicole Morgan was overdetained in the DC Jail.

77. Plaintiff Morgan's Release Date was February 17, 2006.

78. Plaintiff Morgan's Exit Date was March 6, 2006.

79. Plaintiff Morgan was overdetained for 17 days at a Department of Correction facility.

80. The moving force behind Plaintiff Morgan's overdetention was the collapse of the Department of Corrections' inmate management system.

81. Plaintiff Morgan suffered loss of employment opportunities, anxiety, loss of freedom and other damages as a result of the overdetention.

### Plaintiff Marquetta Bennett's Overdetention by The DC Jail

82. Beginning on or about Friday, March 3, 2006, Plaintiff Marquetta Bennett was overdetained in the DC Jail.

83. Plaintiff Bennett's Release Date was March 3, 2006.

84. Plaintiff Bennett's Exit Date was March 14, 2006.

85. Plaintiff Bennett was overdetained for 11 days at a Department of Corrections facility.

86. The moving force behind Plaintiff Bennett's overdetention was the collapse of the Department of Corrections' inmate management system.

87. Plaintiff Bennett suffered loss of employment opportunities, anxiety, loss of freedom and other damages as a result of the overdetention.

### Plaintiff Stephen Morenau's Overdetention by the DC Jail

*Page 14 of 24*

*Morgan, et al v District of Columbia, et al (Class Action Complaint for Money Damages, Injunctive Relief, Preliminary Injunction and Jury Demand)*

THE IWEANOGES' FIRM, P.C. * 1026 Monroe Street, NE * Washington, DC 20017 * (202) 347-7026

88. Beginning on or about Tuesday, February 21, 2006 Plaintiff Stephen Morenau was overdetained in the DC Jail.

89. Plaintiff Morenau's Release Date was February 21, 2006.

90. Plaintiff Morenau's Exit Date was February 25, 2006.

91. Plaintiff Morenau was overdetained for four days at a Department of Corrections facility.

92. The moving force behind Plaintiff Morenau's overdetention was the collapse of the Department of Corrections' inmate management system.

93. Plaintiff Morenau suffered loss of employment opportunities, anxiety, loss of freedom and other damages as a result of the overdetention.

### Plaintiff Delonta A. Reeves' Overdetention by the DC Jail

94. Beginning on or about Monday, April 3, 2006 Plaintiff Delonta Reeves was overdetained in the DC Jail.

95. Plaintiff Reeves' Release Date was April 3, 2006.

96. Plaintiff Reeves' Exit Date was April 4, 2006.

97. Plaintiff Reeves was overdetained for one (1) day at a Department of Corrections facility.

98. The moving force behind Plaintiff Reeves' overdetention was the collapse of the Department of Corrections' inmate management system.

99. Plaintiff Reeves suffered loss of employment opportunities, anxiety, loss of freedom, and other damages as a result of the overdetention.

### Plaintiff Santos Melendez's Overdetention by the DC Jail

*Page 15 of 24*

*Morgan, et al v District of Columbia, et al (Class Action Complaint for Money Damages, Injunctive Relief, Preliminary Injunction and Jury Demand)*

*THE IWEANOGES' FIRM, P.C. * 1026 Monroe Street, NE * Washington, DC 20017 * (202) 347-7026*

100. Beginning on or about Wednesday, January 25, 2006, Plaintiff Santos Melendez was overdetained in the DC Jail.

101. Plaintiff Melendez's Release Date was January 25, 2006.

102. Plaintiff Melendez's Exit Date was January 27, 2006.

103. Plaintiff Melendez was overdetained for two (2) days at a Department of Corrections facility.

104. The moving force behind Plaintiff Melendez's overdetention was the collapse of the Department of Corrections' inmate management system.

105. Plaintiff Melendez suffered loss of employment opportunities, anxiety, loss of freedom, and other damages as a result of the overdetention.

### Plaintiff Frank West's Overdetention by the DC Jail

106. On or about Saturday June 2, 2006 Plaintiff Frank West was detained in the DC Jail.

107. Plaintiff West's Release Date was July 2, 2006.

108. Plaintiff West's Exit Date was July 4, 2006.

109. Plaintiff West was overdetained for two (2) days at a Department of Corrections facility.

110. The moving force behind Plaintiff West's overdetention was the collapse of the Department of Corrections' inmate management system.

111. Plaintiff West suffered loss of employment opportunities, anxiety, loss of freedom, and other damages as a result of the overdetention.

### Plaintiff Jeffrey Thomas' Overdetention by the DC Jail

*Morgan, et al v District of Columbia, et al (Class Action Complaint for Money Damages, Injunctive Relief, Preliminary Injunction and Jury Demand)*

*THE IWEANOGES' FIRM, P.C. * 1026 Monroe Street, NE * Washington, DC 20017 * (202) 347-7026*

112. On or about Saturday July 5, 2006, Plaintiff Jeffrey Thomas was committed to the DC Jail.

113. Plaintiff Thomas's Release Date was August 19, 2006.

114. Plaintiff Thomas's Exit Date was August 26, 2006.

152. Plaintiff Melendez was overdetained for seven (7) days at a Department of Corrections facility.

115. The moving force behind Plaintiff Thomas's overdetention was the collapse of the Department of Corrections' inmate management system.

116. Plaintiff Thomas suffered loss of employment opportunities, anxiety, loss of freedom, and other damages as a result of the overdetention.

## Plaintiff Rochelle Wiggins' Overdetention by the DC Jail

117. Beginning on or about March 9, 2006, Plaintiff Rochelle Wiggins was overdetained at the DC Jail.

118. Plaintiff Wiggins' Release Date was March 9, 2006.

119. Plaintiff's Exit Date is still pending.

120. Plaintiff Wiggins is still been detained at a Department of Corrections facility.

121. The moving force behind Plaintiff Wiggins' overdetention was the collapse of the Department of Corrections' inmate management system.

122. Plaintiff Wiggins has suffered and will continue to suffer loss of employment opportunities, anxiety, loss of freedom, and other damages as a result of the overdetention.

## Plaintiff Chawndra Royal Overdetention by the DC Jail

*Morgan, et al v District of Columbia, et al (Class Action Complaint for Money Damages, Injunctive Relief, Preliminary Injunction and Jury Demand)*

*THE IWEANOGES' FIRM, P.C. * 1026 Monroe Street, NE * Washington, DC 20017 * (202) 347-7026*

123. Beginning on or about February 2, 2006, Plaintiff Chawndra Royal was overdetained at the DC Jail.

124. Plaintiff Royal's Release Date was February 2, 2006.

125. Plaintiff Royal's Exit Date was March 23, 2006.

126. Plaintiff Royal was overdetained for Forty-Nine (49) days at a Department of Corrections facility.

127. The moving force behind Plaintiff Royal's overdetention was the collapse of the Department of Corrections' inmate management system.

128. Plaintiff Royal suffered loss of employment opportunities, anxiety, loss of freedom, and other damages as a result of the overdetention.

## SUBSTANTIVE ALLEGATIONS

## COUNT 1

### NEGLIGENT TRAINING AND NEGLIGENT SUPERVISION
### (Defendant Devon Brown)

129. The Named Plaintiffs reallege and incorporate by reference as if fully set forth herein all allegations set forth above in this Complaint.

130. Defendant Devon Brown entrusted certain duties including but not limited to ensuring the release on their Release Dates of all detainees and inmates in the Department of Corrections custody to certain Department of Corrections employees.

131. Therefore, Defendant Devon Brown had a duty to exercise reasonable care in training, supervising and disciplining such employees in exercising their duties.

*Morgan, et al v District of Columbia, et al (Class Action Complaint for Money Damages, Injunctive Relief, Preliminary Injunction and Jury Demand)*

*THE IWEANOGES' FIRM, P.C. * 1026 Monroe Street, NE * Washington, DC 20017 * (202) 347-7026*

132. The need for such training was obvious from the sensitive and technical nature of the responsibilities entrusted to such Department of Corrections employees.

133. The problems at the Department of Corrections facilities described above, and the various negative reports, should have made it obvious to Defendant Devon Brown that the training such employees were receiving was inadequate, and that as a direct and proximate result the inmate under their supervision would suffer injury.

133. Defendant Devon Brown negligently trained and supervised or negligently failed to train and supervise such employees in their duties, and as a result such employees were incompetent to perform their duties.

134. This negligent training and negligent failure to train and supervise by Defendant Devon Brown resulted in the complete breakdown of the inmate management system of the Department of Corrections and caused the overdetention of the Named Plaintiffs and other members of the putative class.

135. As a result of said negligence of Defendant Devon Brown, the Named Plaintiffs suffered injuries described in the preceding paragraphs of this Complaint.

## COUNT 2

**VIOLATION OF THE FOURTH, FIFTH AND EIGHTH AMENDMENTS, AND, THROUGH THE FIFTH, THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION, AND VIOLATION OF THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983 (Defendant Devon Brown)**

136. The Named Plaintiffs reallege and incorporate by reference all allegations set forth above in this Complaint.

137. Defendant Devon Brown was at all times relevant the supervisor of the Department of Corrections employees charged with ensuring the release on their Release Dates of all detainees and inmates in the custody of the Department of Corrections.

138. Defendant Devon Brown deliberately failed to train, monitor and discipline such employees.

139. Defendant Devon Brown had both actual and constructive knowledge that such employees were engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to the Named Plaintiff and other members of the class.

140. Defendant Devon Brown engaged in a pattern of continued inaction in the face of such employees' documented widespread abuse of the Fourth, Fifth and Eight and, through the Fifth, Fourteenth Amendment rights of the Named Plaintiffs and the other members of the class.

141. Defendant Devon Brown's actions, and failure to act, as described above, directly, proximately and affirmatively caused the violations of the Fourth, Fifth and Eighth and, through the Fifth, Fourteenth Amendment rights of the Named Plaintiffs and the other members of the class.

142. The deprivations to the Fourth, Fifth and Eighth and, through the Fifth, Fourteenth Amendment rights of the Named Plaintiffs and the other members of the class were committed by Defendant Devon Brown while he was acting under color of District of Columbia law and was acting pursuant to the policy, custom and practice of Defendant District of Columbia.

143. Defendant Devon Brown's actions, and failure to act, as described above, directly and proximately caused injury described above to the Named Plaintiffs and the other members of the class.

144. Defendant District of Columbia is therefore liable under 42 U.S.C. § 1983 respondeat superior for constitutional injuries to the Named Plaintiffs and all other class members caused by the deliberate indifference of such employees.

## COUNT 3

### § 1983 MONELL CUSTOM AND PRACTICE DIRECT LIABILITY OF DISTRICT OF COLUMBIA FOR VIOLATION OF FOURTH, FIFTH, EIGHTH AND, THROUGH THE FIFTH, FOURTEENTH AMENDMENT RIGHTS OF PLAINTIFFS AND CLASS MEMBERS

145. The Named Plaintiffs reallege and incorporate by reference as if fully set forth herein all allegations set forth above in this Complaint.

146. District of Columbia employees caused the intentional, unjustified overdetention of the Named Plaintiffs and all other class members by deliberate indifference to the risk of constitutional injury of overdetention in failing to provide an effective system to govern the timely release of prisoners in its detention facilities.

147. District of Columbia employees continue in such conduct up to and including the present time.

148. Defendant District of Columbia was at all times relevant to the municipality in charge of the DC Jail, CTF and other Department of Corrections facilities.

*Page 21 of 24*

*Morgan, et al v District of Columbia, et al (Class Action Complaint for Money Damages, Injunctive Relief, Preliminary Injunction and Jury Demand)*

*THE IWEANOGES' FIRM, P.C. * 1026 Monroe Street, NE * Washington, DC 20017 * (202) 347-7026*

149. Defendant District of Columbia deliberately failed to train, supervise and discipline its employees charged with monitoring and ensuring release of inmates in the Department of Corrections facilities in accordance with their Release Dates.

150. There was an obvious, clear and present need for Defendant District of Columbia to train, supervise and discipline employees charged with monitoring and ensuring release of inmates in the Department of Corrections facilities in accordance with their Release Dates and Defendant District of Columbia did not train, supervise and discipline them.

151. The pattern of unconstitutional conduct the Named Plaintiffs and all other class members complain of was so pervasive that Defendant District of Columbia and its policy makers had actual and constructive notice of the need for training, supervision and discipline.

152. Defendant District of Columbia had both actual and constructive knowledge that employees charged with monitoring and ensuring release of inmates in Department of Corrections facilities in accordance with their Release Dates were engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to the Named Plaintiffs and all other individuals confined at a Department of Corrections facility.

## IRREPARABLE INJURY AND INJUNCTIVE RELIEF

153. Defendant is falsely imprisoning members of the Plaintiff class, which irreparably harms them, even if they are later able to recover compensatory damages.

193. Defendant's failure to release many members of the Plaintiff class upon their Release Dates has irreparably harmed, and will continue to irreparably harm, members of the proposed Plaintiff class, thus making declaratory and injunctive relief necessary.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

1.    Grant a jury trial on all triable claims;

2.    Declare that this action may be maintained as a class action pursuant to Federal Rule of Civil Procedure 23 (b) (2) and 23 (b) (3) and certifying Plaintiffs as the proper representative of the class consisting of each individual:

    (a)   who has been, is, or will be incarcerated in any District of Columbia Department of Corrections facility up until the date this case is terminated;

    (b)   who was not released, or, in the future, will not be released, by midnight of the day of his or her Release Date.

3.    Declare that Defendants acts alleged above violate the 4th, 5th, 8th and 14th Amendments to the Constitution by overdetaining them as alleged herein;

4.    Preliminarily and permanently enjoin Defendants from pursuing the course of conduct complained herein;

5.    Preliminarily and permanently enjoin Defendants from pursuing settlement directly with any member of the putative class described herein unless that person is represented by counsel;

6.    Award all Plaintiffs compensatory and consequential damages in an amount to be determined;

7.    Award Plaintiffs attorneys fees and costs incurred in bringing this action under U.S.C. § 1988; and

8.    Grant such other and further relief as the nature of this cause may require.

*Morgan, et al v District of Columbia, et al (Class Action Complaint for Money Damages, Injunctive Relief, Preliminary Injunction and Jury Demand)*

*THE IWEANOGES' FIRM, P.C. * 1026 Monroe Street, NE * Washington, DC 20017 * (202) 347-7026*

Respectfully Submitted,
THE IWEANOGES' FIRM, P.C.

By: _____/s/JOIweanoge/s/_____
John O. Iweanoge, Jr. (439913)
Charles C. Iweanoge (465663)
Jude C. Iweanoge (493241)
IWEANOGE LAW CENTER
1026 Monroe Street, NE
Washington, DC 20017
Phone: (202) 347-7026
Fax: (202) 347-7108
Email: joi@iweanogesfirm.com
*Attorneys for Named Plaintiffs and the class*

## JURY DEMAND

The Plaintiffs through Counsel respectfully demands a jury trial on all issues

presented herein.

_____/s/JOIweanoge/s/_____
John O. Iweanoge, Jr. (439913)
Counsel for Named Plaintiffs and the
class

*Morgan, et al v District of Columbia, et al (Class Action Complaint for Money Damages, Injunctive Relief, Preliminary Injunction and Jury Demand)*

*THE IWEANOGES' FIRM, P.C. * 1026 Monroe Street, NE * Washington, DC 20017 * (202) 347-7026*