IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| NICOLE MORGAN, et al., on behalf of themselves and all others similarly situated,<br><br>              Plaintiffs,<br><br>      v.<br><br>DISTRICT OF COLUMBIA, et al.,<br><br>              Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 1:07cv00172 (RCL)<br>) Date: July 5, 2007<br>)<br>)<br>)<br>)<br>) |

**RESPONSE TO MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

The Defendant, District of Columbia ("the District"), through undersigned counsel, responds to the Plaintiffs' Motion to Amend, as follows:

These claims set forth in the proposed amended complaint are similar, if not identical, to those alleged in *Carl A. Barnes, et al., v. District of Columbia,* civil action no. 06-315 (RCL), which has already been certified as a class of overdetained prisoners before the Honorable Royce C. Lamberth.  ---F.R.D.---, 2007 WL 896282 (D.D.C. March 26, 2007).  The District, therefore, implores that this Court assiduously control the litigation of what Plaintiffs allege are "individual claims," to the extent that the claims arise out of the same operative facts and legal theories.[1]

---

[1] There is no request for injunctive relief or declaratory relief by any of the *Morgan* plaintiffs.  There are individual prayers for relief for individual plaintiffs which each requests $1 million compensatory, $3 million punitive, and attorneys fees, costs, and interest.  Nevertheless, the revised complaint fails to make any substantive changes in the legal theories underlying the request for damages, which leads the District to believe that the revised complaint is a change in name only to drop the putative class claims which would have brought this action directly within the scope of the pending *Barnes* class action.  Further buttressing the lack of substantive change in the proposed revised complaint is Plaintiffs' failure to revise the caption referencing representation of those "similarly situated."

While the requests for declaratory and injunctive relief have been removed, the essence of the complaint remains the same, including claims under 42 U.S.C. § 1983.[2]

The District seeks the requested aggressive judicial administration to achieve an appropriate limit on litigation costs and judicial economy. The District believes that the discovery of documents and databases, depositions, stipulations, and requests for interrogatories will be substantially similar to that in Barnes—possibly exactly alike. Certainly, dispositive motions will be substantially similar. The District and this Court should be spared the duality on these fronts.

The District does not oppose the motion to amend, given Plaintiffs' legal right to one amendment as a matter of right. Fed.R.Civ.P 15(a). Certainly, the District recognizes the Plaintiffs' right to add another plaintiff, in this case Asa Seeley, who was not previously named as a plaintiff.

That being said, the District strenuously opposes the amendment to the extent that the Plaintiffs skirt the edges of Rules 11, 15(a), and 23 of the Federal Rules of Civil Procedure to maintain this action outside the certified class. Moreover, the District will move to consolidate the administration of discovery and other pretrial matters when this amendment as of right is granted. Further, if Plaintiffs also seek to maintain various constitutional and statutory claims (*i.e.*, 42 U.S.C. § 1983) as now contemplated by the proposed amended complaint, substantive proceedings with respect to such claims also is a proper subject for consolidation. The prudent rationale for such a move to consolidate is ease of judicial administration, minimizing litigation costs, and recognition of the policies and standards underlying Rule 23. Neither this Court nor

---

[2] Plaintiffs continue to allege negligent training and supervision, Count I; Fourth, Fifth, and Eighth Amendment Constitutional Violations as protected through the Fifth and Fourteenth Amendments and the Civil Rights Act, 42 U.S.C. § 1983, Count 2; *Monell* custom and practice direct liability, Count IV (really Count III); and false imprisonment, Count 5 (really Count 4).

the District should be required to recreate the wheel in a separate action which for all intent and purpose mirrors the *Barnes* class action.

                          Respectfully submitted,

                          LINDA SINGER
                          Attorney General for the District of Columbia

                          GEORGE C. VALENTINE
                          Deputy Attorney General
                          Civil Litigation Division

                          _____/s/_____
                          ELLEN EFROS,
                          Assistant Attorney General [250746]
                          Chief, Equity I

                          _____/s/_____
BY:   DENISE J. BAKER [493414]
        Assistant Attorney General
        Equity I Section
        Civil Litigation Division
        441 4th Street, N.W.
        Washington, DC 20001
        (202) 442-9887 (telephone)
        (202) 727-0431 (facsimile)
        Email: denise.baker@dc.gov

**CERTIFICATE OF SERVICE**

I, hereby certify that on this 5th day of July 2007 I have sent a true copy of Defendant's Notice of Related Case by ECF to:

    John O. Iweanoge, Jr. [439913]
    Charles C. Iweanoge [465663]
    Jude C. Iweanoge [493241]
    Iweanoge Law Center
    1026 Monroe Street, NE
    Washington, DC  20017

                          _____/s/_____
                          Denise J. Baker
                          Assistant Attorney General