**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                      )

NICOLE MORGAN, et al., on behalf of   )
themselves and all others                )
similarly situated,                      )
                                        )
                                        )
             Plaintiffs,          )
                                        )    Civil Action No. 1:07cv00172 (RCL)
           v.                  )
                                        )
DISTRICT OF COLUMBIA, et al.,     )
                                        )
                                        )
             Defendants.     )
_____)

**DEFENDANT, DEVON BROWN'S MOTION TO DISMISS THE AMENDED
COMPLAINT**

Pursuant to Fed. R. Civ. P. 12(b)(6), and for the reasons set forth in the accompanying

memorandum of points and authorities, Defendant, Devon Brown (hereinafter "Director

Brown"), a District official sued solely in his individual capacities, by and through undersigned

counsel, move this Court for an order dismissing Plaintiffs' amended complaint against him on

the grounds that Director Brown is entitled to qualified immunity and all claims against him

should be dismissed for failure to state a claim.

Undersigned counsel certifies herein that she contacted Plaintiffs' counsel by email on

Thursday, August 30, 2007, to request consent for the relief requested by this motion and consent

to file this motion.  To date, plaintiffs' counsel has not responded to the request for relief.

A proposed order and a Declaration by Devon Brown are attached.

Respectfully submitted,

LINDA SINGER
 Attorney General for the District of Columbia

GEORGE C. VALENTINE

1

Deputy Attorney General, Civil Litigation Division

/s/ Ellen A. Efros
ELLEN A. EFROS
Chief, Equity I

/s/ Denise J. Baker
DENISE J. BAKER
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S079
Washington, D.C. 20001
(202) 442-9887 (telephone)
(202) 727-3625 (fax)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                          )
NICOLE MORGAN, et al., on behalf of      )
themselves and all others                )
similarly situated,                      )
                                          )
                                          )
                Plaintiffs,              )
                                          )     Civil Action No. 1:07cv00172 (RCL)
        v.                               )
                                          )
DISTRICT OF COLUMBIA, et al.,            )
                                          )
                                          )
                Defendants.              )
_____)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**
**OF DEFENDANT, DEVON BROWN'S, MOTION TO DISMISS PLAINTIFFS'**
**AMENDED COMPLAINT**

Defendant, Devon Brown ("Director Brown"), Director of the District of Columbia's

Department of Corrections ("DOC"), sued solely in his individual capacity, by and through

undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby moves to

dismiss Plaintiffs' Amended Complaint, on the grounds that Director Brown is entitled to

qualified immunity.  All claims against him should be dismissed with prejudice.

## I.  STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be granted when it

appears that, under any reasonable reading of the complaint, the plaintiffs will be unable to prove

any set of facts that would justify relief.  *See Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955,

1969 (2007) (A complaint must allege facts that are consistent with the allegations in the

complaint).  The moving party is entitled to judgment if there are no allegations in the complaint

that could provide a basis for recovery.  *Id.*; *See, Haynesworth v. Miller*, 820 F.2d 1245, 1254

(1987).

Although the non-moving party enjoys the benefit of all inferences that reasonably can be

drawn from the allegations alleged in the complaint, bare conclusions of law—or sweeping and

unwarranted averments of fact—will not be deemed admitted for purposes of a motion under

Rule 12(b)(6).  *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1969 (2007).   The court need

not accept inferences drawn by plaintiff if such inferences are unsupported by the facts set out in

the complaint, "[n]or must the court accept legal conclusions cast in the form of factual

allegations."  *Kowal v. MCI Communications* Corp., 16 F.3d 1271, 276 (1994).

## II.   FACTUAL BACKGROUND

The ten (10) named plaintiffs allege they were entitled to be, but were not released from

the custody of the District of Columbia Detention Center (hereinafter "the Department" or

"DCDC").  (Complaint ¶ 2).  By their complaint, Plaintiffs seek to hold Director Brown

personally liable for monetary damages.

Plaintiffs fail to state a claim upon which relief may be granted against Director Brown in

their amended complaint because the amended complaint fails to make any allegations

whatsoever imputing personal liability to Director Brown.  To wit, the amended complaint fails

to allege, or any facts in support of any such allegations that (1) Director Brown had actual

knowledge of the Plaintiffs' specific late releases; (2) a knowing violation of law by Director

Brown; and, lastly, that (3) Director Brown had any actual participation in late release of the ten

(10) named plaintiffs.  Moreover, no such allegations can be made.

### III.  LEGAL ARGUMENT

#### a.  *Director Brown is Entitled to Qualified Immunity and All Claims against him Should be Dismissed*

Plaintiffs seek monetary damages as relief, for which Director Brown is immune.  To the extent that Director Brown was acting in a personal or individual capacity, the U.S. Supreme Court has long held that public officials in their individual capacities are entitled to some form of immunity from suits for damages.  *See Spalding v. Vilas,* 161 U.S. 483, 498 (1896).  This protection was expressly granted to prison officials.  *See Procunier v. Navarette,* 434 U.S. 555 (1978).

It is also well-settled that government officials enjoy a qualified immunity from constitutional and statutory claims against them.  *See Saucier v. Katz,* 533 U.S. 194, 200 (2001); *Lederman v. United States,* 291 F.3d 36 (D.C. Cir. 2002).  Qualified immunity arguments are especially appropriate early in the proceedings of a case.  As noted by the Supreme Court:

> Where the defendant seeks qualified immunity, *a ruling on that issue should be made early in the proceedings* so that the costs and expenses of trial are avoided where the defense is dispositive.  Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." …

*Saucier*, 533 U.S. at 200 (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)) (emphasis added).  "As a result," the Supreme Court wrote, "'we repeatedly have stressed the importance of resolving immunity questions at the *earliest possible stage* in litigation.'"  *Saucier*, 533 U.S. at 201 (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (*per curiam*) (emphasis added).

In its 2001 *Saucier* decision, the Supreme Court solidified the proper analytical framework for ruling on qualified immunity arguments.  533 U.S. at 200-02.  First, the trial court must determine whether, "[t]aken in the light most favorable to the party asserting the injury, …

the facts alleged show the officer's conduct violated a constitutional right." *Id.* at 201. Then, "if a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established." *Id.*

To avoid dismissal when a defendant raises a claim of qualified immunity, "the plaintiff must show that the law was clearly established when the alleged violation occurred and come forward with facts or allegations to show that the officials violated the clearly established law." *Woodward v. City of Worland,* 977 F.2d 1392, 1396 (10th Cir. 1992), *cert. denied,* 509 U.S. 923 (1993). In the case at bar, Plaintiffs allege, at best, a negligent failure by the District to coordinate prisoner release documents, which caused minimal delay in processing. There was no violation of "clearly established law" by Director Brown, and there should be no liability arising therefrom. There is a presumption in favor of immunity for public officials acting in their individual capacities. *See Hidahl v. Gilpin County DSS*, 938 F.2d. 1150, 1155 (10th Cir. 1991). Plaintiffs have not alleged facts that sufficiently overcome this presumption, nor can they.

Nor have Plaintiffs sufficiently alleged that Director Brown "knowingly" violated any law with regard to prisoner late releases, only that he could infer such facts. As a matter of law, the qualified immunity defense "provides ample protection to all but the plainly incompetent or those who knowingly violate the law. *See id.* (*quoting Malley v. Briggs*, 475 U.S. 335, 341 (1986)). Director Brown was not "deliberately indifferent" as a matter of law. Deliberate indifference has been described as possession of "actual knowledge of impending harm, easily preventable, so that a conscious, culpable refusal to prevent harm could be inferred from [a] failure to prevent it." *Young,* 960 F.2d at 360 n. 22 (quoting *Henderson v. DeRobertis,* 940 F.2d at 1060). Instead, Plaintiffs merely allege that "[T]he problems at the Department of Corrections facilities described above **should have made it obvious** to Defendant Devon Brown that the

6

training such employees were receiving was inadequate, and that as a direct and proximate result the Plaintiffs under their supervision would suffer injury." (Emphasis added). (Amended Complaint ¶ 73).  As a matter of law, this pleading contained within the amended complaint does not meet the legal standard necessary to impose liability upon Director Brown.

More pointedly, Plaintiffs do not allege that Director Brown had any personal involvement in the alleged failure to timely release any of the ten (10) named plaintiffs.  Personal participation is an essential allegation in a 42 U.S.C. § 1983 action.  *See Bennett v. Passic,* 545 F.2d 1260, 1262-63 (10th Cir.1976).  Here, allegations setting forth any personal participation by Director Brown are wholly absent.  To the contrary, Director Brown declares under penalty of perjury that he had no such personal knowledge.  Director Brown Declaration, ¶ 3-6.

Finally, exposing Director Brown to personal liability in these circumstances would be at odds with the policies underlying the doctrine of qualified immunity. *See Harlow*, 457 U.S. 800 (1982). The risk of personal liability would make it virtually impossible for governments to fill positions such as those occupied by these individual defendants, as few qualified persons would be willing to assume this responsibility with the accompanying risks of liability. *Id.*

## IV.  CONCLUSION

For all the reasons set forth above, Plaintiffs' amended complaint should be dismissed with prejudice as to Defendant, Devon Brown.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE  C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Ellen A. Efros
ELLEN A. EFROS

Chief, Equity I

/s/ Denise J. Baker
DENISE J. BAKER
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S079
Washington, D.C. 20001
(202) 442-9887 (telephone)
(202) 727-3625 (fax)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

|  |  |
|---|---|
| NICOLE MORGAN, et al., on behalf of themselves and all others similarly situated, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | )     Civil Action No. 1:07cv00172 (RCL) ) |
| DISTRICT OF COLUMBIA, et al., | ) ) |
| Defendants. | ) ) ) |

---

**ORDER**

  Upon consideration of the Defendant, Devon Brown's, Motion to Dismiss Plaintiff's Amended Complaint, the memorandum of points and authorities filed in support thereof, any opposition thereto, and the entire record herein, it is by the Court this ___ day of

_____, 2007:

  ORDERED, that the Defendant's motion shall be and the same is hereby granted; and it is further

  ORDERED, that judgment against Plaintiff and in favor of the Defendant, Devon Brown, is granted as a matter of law.

<br>

_____
UNITED STATES DISTRICT JUDGE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____<br><br>NICOLE MORGAN, et al., on behalf of<br>themselves and all others<br>similarly situated,<br><br>                  Plaintiffs,<br><br>          v.<br><br>DISTRICT OF COLUMBIA, et al.,<br><br>              Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 1:07cv00172 (JDB)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### DECLARATION OF DEVON BROWN

I, Devon Brown, declare and state as follows:

    1.    I am over the age of eighteen (18) years, competent to testify to the matters contained herein, and testify based on my personal knowledge and information.

    2.    I have been the Director of the D. C. Department of Corrections since January 10, 2006.

    3.    To my knowledge, I have never had contact with any of the named Plaintiffs, while they were incarcerated. I have no specific familiarity with these particular inmates, and did not specifically give orders with respect to their incarceration or release from incarceration.

    4.    I had no specific knowledge of their sentences, terms of incarceration, judgments and commitment orders, or release orders from court until I received a copy of the complaint.

    5.    I was not present when any of the named plaintiffs were released from incarceration, I did not order their release, and I was not involved in the release process.

6.     I do not have nor have I ever had any personal animus or subjective intent to harm these plaintiffs.

7.     There are no written or informal policies, customs or practices of DOC that would preclude timely release of these plaintiffs from incarceration.

8.     During my tenure, I have reorganized the records office, hired a new chief, added and trained new staff members, and implemented computerized sentence calculation and other quality control mechanisms.

Pursuant to 28 U.S.C. §1746, I declare under the penalty of perjury that the foregoing is true and correct.

_____
Devon Brown

_____
Date     August 30, 2007