IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| NICOLE MORGAN, et al., on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) |  |
| Plaintiffs, | ) ) | Civil Action No. 1:07cv00172 (RCL) |
| v. | ) ) |  |
| DISTRICT OF COLUMBIA, et al., | ) ) ) |  |
| Defendants. | ) ) |  |

**DISTRICT DEFENDANTS' MOTION TO QUASH PLAINTIFFS' SUBPOENA**

Pursuant to Fed. R. Civ. P. 45, and for the reasons set forth in the accompanying memorandum of points and authorities, the District of Columbia and Devon Brown (hereinafter collectively "the District Defendants"), by and through undersigned counsel, move this Court for an order quashing the subpoena served on a District of Columbia employee on or about August 29, 2007.

Pursuant to Local Rule 12(I), Plaintiff's counsel has been advised of the District's Motion to Quash Subpoena by email; however he has not responded to the request for consent to the relief sought in this motion.

A proposed order and a copy of the subpoena are attached.

Respectfully submitted,

LINDA SINGER
 Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Ellen A. Efros
ELLEN A. EFROS
Chief, Equity I

/s/ Denise J. Baker
DENISE J. BAKER
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S079
Washington, D.C. 20001
(202) 442-9887 (telephone)
(202) 727-3625 (fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| NICOLE MORGAN, et al., on behalf of themselves and all others similarly situated, )<br><br>Plaintiffs, )<br><br>v. )<br><br>DISTRICT OF COLUMBIA, et al., )<br><br>Defendants ) | Civil Action No. 1:07cv00172 (RCL) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DISTRICT DEFENDANTS' MOTION TO QUASH SUBPOENA**

Comes now the Defendants, the District of Columbia and Devon Brown (collectively "the District Defendants"), by and through undersigned counsel and pursuant to Fed. R. Civ. Pro 45, and move this Honorable Court to quash the subpoena issued to the District of Columbia Department of Corrections ("DOC") on or about August 29, 2007, for documents to be produced on August 31, 2007, in the above referenced suit. As grounds therefor, the District Defendants state that:

(1) Plaintiffs cannot use Fed. R. Civ. Pro. 45 to circumvent this discovery rule;

(2) Plaintiffs failed to comply with Fed. R. Civ. Pro 5(a); and

(3) Plaintiff has not made a showing of good cause why discovery should be granted.

## *BACKGROUND*

Plaintiffs' amended complaint in the above-captioned matter was deemed filed on or about August 24, 2007 by order of this Court. Docket No. 12. The response to said amended complaint is not due until September 4, 2007. No initial disclosures have been filed, no discovery schedule has been set, and no scheduling conference held by this Court.

On August 30, 2007, trial counsel for the Defendants, Denise J. Baker, received a telephone call and email from the DOC Office of the General Counsel regarding a subpoena for documents returnable on August 31, 2007. Additionally, Ms. Baker received a telephone call from an individual, who identified himself as the investigator for Plaintiffs' counsel. This person requested to know the status of the document request.

Plaintiffs have not sought leave of this Court to seek discovery, nor have they provided any showing of good cause why such leave should be granted.

## *ARGUMENT*

**1. A SUBPOENA CANNOT BE USED TO CIRCUMVENT DISCOVERY RULES.**

In general, a subpoena cannot be used to obtain more information from a party than would be available through traditional discovery. The issuance of a subpoena on a party cannot be used to obtain more evidence than would be available under other methods of discovery. *Hasbro, Inc. v. Serafino*, 168 F.R.D. 99, 100 (D.Mass. 1996); *Contardo v. Merrill Lynch*, 119 F.R.D. 622, 625 (D.Mass. 1988); *LeChance v. Service Trucking Co.*, 215 F. Supp. 159, 161 (D.Md. 1963); *see also United States v. Nixon*, 418 U.S. 683 (1974); *Bowman Dairy Co. v. United States*, 341 U.S. 214 (1951); *United States v. Walters*, 558 F.Supp. 726 (D.Md. 1980).

In *Hasbro*, the defendant "served a deposition subpoena on the plaintiff pursuant to Fed. R. Civ. P. Rule 45 instead of seeking the production of documents pursuant to Fed. R. Civ. P.

34." *Hasbro*, 168 F.R.D. at 100. The court denied the defendant's motion to compel production of documents through the subpoena, holding that:

> [w]hile the language of Rule 45, since amended, may still not be crystal clear, it is apparent to this Court that *discovery* of documents from a party, as distinct from a non-party, is not accomplished pursuant to Rule 45…. [I]t is evident to this Court that Rule 45, to the extent is concerns discovery, is still directed at non-parties and that Rule 34 governs the discovery of documents in the possession or control of the parties themselves.

*Id.* (emphasis in original); *see also Contardo*, 119 F.R.D. at 624 ("a party cannot secure documents from an opposing party by serving a deposition subpoena *duces tecum* on an employee of the opposing party commanding production of the party's documents at the deposition unless the provisions of Rule 34, F.R. Civ. P., are followed."); *LaChance*, 215 F. Supp. at 161 ("This Court follows the weight of authority in holding that Rule 26 (the deposition rule) and Rule 45 (the subpoena rule) *cannot be combined to circumvent the provisions of Rule 34*, which requires that good cause be shown for inspection and copying of documents." (emphasis added))

The situation at hand is similar to those described above. On August 30, 2007, the plaintiffs served a subpoena on Carol Burroughs in the General Counsel's Office for D.C. DOC. (See Subpoena, attached.) The D.C. DOC is a D.C. government agency; Ms. Burroughs is a D.C. employee. Thus, the plaintiff has served a subpoena—solely for production of documents–—on a party in this action. Unless plaintiff is otherwise entitled to such documents under the rules of civil procedure, plaintiff cannot obtain such documents through a subpoena. *Hasbro*, 168 F.R.D. at 100; *Contardo*, 119 F.R.D. at 624; *LaChance*, 215 F. Supp. at 161.

## 2. PLAINTIFFS FAILED TO GIVE PRIOR NOTICE OF THE SUBPOENA PURSUANT TO FED. R. CIV. PRO. 5(A).

Pursuant to Fed. R. Civ. Pro. 45 (b): "[P]rior notice of any commanded production of documents . . . before trial shall be served on each party in the manner prescribed by Rule 5(b). The term 'Prior Notice" under the Rule means prior to the service of a subpoena duces tecum rather than prior to production. Fed.Rules Civ.Proc. Rule 45(b)(1); *Biocore Medical Technologies, Inc. v. Khosrowshahi*, 181 F.R.D. 660 (D. Kan. 1998). Plaintiffs failed to give prior notice of the subpoena.

Fed. R. Civ. Pro. Rule 5(a) requires that: ". . . every written notice, appearance, demand . . . shall be served upon each of the parties; and Rule 5(b) requires that "[S]ervice . . .on a party represented by an attorney is made on the attorney unless the court orders service on the party." The plaintiff has attempted to circumvent the requirements of Rule 5(b) by issuing a subpoena on the defendant agency for production of documents, and failing to serve the attorney of record that undersigned this and prior court documents.

## 3. PLAINTIFFS HAVE NOT MADE A SHOWING OF GOOD CAUSE WHY DISCOVERY SHOULD BE GRANTED.

Plaintiffs have not asserted any exigency for the requested documents, nor can they. Plaintiffs have not asserted why a one-day turnaround for the production of documents is appropriate. The amended complaint was filed only one week earlier. The answer is not due for several days. There is no reason why these documents cannot be provided pursuant to a reasonable discovery schedule and plan.

The Federal Rules of Civil Procedure, 5 and 45, and case law interpreting Rule 45 clearly states that a subpoena should not be used to obtain discovery from a party where discovery is

otherwise unavailable. *Hasbro*, 168 F.R.D. at 100; *Contardo*, 119 F.R.D. at 624; *LaChance*, 215 F. Supp. at 161.

## *CONCLUSION*

For these reasons and the record herein, the motion to quash should be granted.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Ellen A. Efros
ELLEN A. EFROS
Chief, Equity I

/s/ Denise J. Baker
DENISE J. BAKER
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S079
Washington, D.C. 20001
(202) 442-9887 (telephone)
(202) 727-3625 (fax)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NICOLE MORGAN, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DISTRICT OF COLUMBIA, et al.,<br><br>Defendants | Civil Action No. 1:07cv00172 (RCL) |

**ORDER**

Upon consideration of the District Defendants Motion to Quash Subpoena, the memorandum of points and authorities filed in support thereof, any opposition thereto, and the entire record herein, it is by the Court this ___ day of _____, 2007:

ORDERED, that the Defendant's motion shall be and the same is hereby granted; and it is further

ORDERED, that the subpoena dated August 29, 2007 is hereby QUASHED.

_____
UNITED STATES DISTRICT JUDGE

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF _____

Morgan et al
                v.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]

TO: Dept of Corrections

☐ **YOU ARE COMMANDED** to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY United States District Court 333 Constitution Ave N.W Washington D.C. 20001 | COURTROOM JUDGE BATES |
| --- | --- |
| | DATE AND TIME AUG 31, 2007 |

☐ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |

☒ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): Nicole Morgan F-9 2027, Marqusha Bennett 293943, Stephen Moreneau 194823, Deborah Reeves 309854, Santos Melendez 307561, Frank West 279853, Jeffrey Thomas 310951, Rochelle Wiggins 300215  Dept of Corrections

| PLACE | DATE AND TIME |
| --- | --- |

1 per sheet
J+C ord

☐ **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) *[signature]* | DATE 8/29/07 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.