## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| NICOLE MORGAN, et al., on behalf of themselves and all others similarly situated, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No. 1:07cv00172 (JDB) ) Date: September 4, 2007 |
| DISTRICT OF COLUMBIA, et al., | ) ) ) |
| Defendants. | ) ) |

## DEFENDANT DISTRICT OF COLUMBIA'S ANSWER
## TO THE FIRST AMENDED COMPLAINT

Pursuant to Fed.R.Civ.P. 7(a), 8(b), and 12(a) and (b), Defendant, the District of Columbia (hereinafter "Defendant" or "the District"), by and through undersigned counsel, respectfully answers the Amended Complaint and asserts affirmative defenses to the above-captioned action.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Except as hereinafter expressly admitted, qualified, or otherwise admitted, the District specifically denies each and every allegation, statement, matter and thing contained in the complaint. Defendant responds to the numbered allegations in the amended complaint on knowledge to itself and on information and belief as to other matters, as follows:

1.      Defendant admits that Plaintiffs make claims for money damages by alleging deprivations of rights secured under the U.S. Constitution, and laws of the United States and the District of Columbia by alleging overdetention of the Plaintiffs in D.C. Jail after issuance of a judicial release order, among other claims; however, Defendant specifically denies any liability thereunder that rises to the level of a constitutional, statutory or common law wrong for which there is a remedy.  Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations regarding the nature or extent of Plaintiffs' alleged injuries, and demands strict proof at trial.

2.      Defendant admit that Plaintiffs have styled their action for damages pursuant to 42 U.S.C. § 1981 through 1988 of the Civil Rights Act, to enforce the Fourth, Fifth, and Eighth Amendments, and the laws of the District of Columbia; however, Defendant specifically denies any liability thereunder that rise to the level of a constitutional, statutory or common law wrong for which there is a remedy.  Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations regarding the nature or extent of Plaintiff's alleged injuries, and demands strict proof at trial.

**RESPONSES TO JURISDICTION AND VENUE**

3.      Defendant admits the statutory references cited in paragraph 3 of the complaint, but denies that these references necessarily confer jurisdiction on this Court in this matter.

4.      Defendant admits the statutory references cited in paragraph 4 of the complaint, but denies that venue is necessarily proper in this Court.

**RESPONSE TO PARTIES**

5.-14.  On information and belief, the Defendant admits the allegations set forth in paragraphs 5-14 of this Amended Complaint.  If material, strict proof thereof is demanded at the time of trial.

15.     Defendant admits only that the District of Columbia is a municipal corporation capable of being sued as provided in D.C. Code § 1-102. The remainder of Plaintiffs' allegations set forth in paragraph 15 is specifically denied and if material, strict proof is demanded at time of trial.

16.     Defendant admits only that Brown is the current Director of the Department of Corrections. The remainder of paragraph 16 sets forth Plaintiffs' legal conclusions to which no response is required.

**RESPONSE TO ALLEGATIONS COMMON TO ALL COUNTS**

17.     Defendant specifically denies the allegations set forth in paragraph 17, and the relevance thereof to the causes and claims by the plaintiffs. If material, strict proof thereof is demanded at time of trial.

18.     This paragraph states conclusions of law to which no response is required.

19.     Defendant admits only that Brown is the Director of the D.C. Department of Corrections. The remainder of Plaintiffs' allegations set forth in paragraph 19 are factual characterizations and legal conclusions to which no response is required.

20.     Defendant admits that Brown has supervisory authority at the D.C. Department of Corrections in his capacity as Director of the D.C. Department of Corrections. The remainder of Plaintiffs' allegations actual characterizations and legal conclusions to which no response is required.

21.     Defendant admits that Brown has supervisory authority at the D.C. Department of Corrections in his capacity as Director of the D.C. Department of Corrections. The remainder of Plaintiffs' allegations actual characterizations and legal conclusions to which no response is required.

22.     Admitted.

23. Admitted.

24. Admitted.

25. Denied. Plaintiffs' contention that the District has been deliberately indifferent to the practice of overdetention is a conclusion of law to which no response is required. To the extent that a response is required, the Defendant denies the allegations set forth in this paragraph 25.

26. This paragraph states Plaintiffs' factual characterizations and conclusions of law to which no response is required. To the extent that a response is required, the Defendant denies the allegations set forth in paragraph 26 and demand strict proof at time of trial.

27. This paragraph states Plaintiffs' factual characterizations to which no response is required. To the extent that a response is required, the Defendant denies the allegations set forth in paragraph 27 and demand strict proof at time of trial.

28. This paragraph states Plaintiffs' factual characterizations to which no response is required. To the extent that a response is required, the Defendant denies the allegations set forth in paragraph 28 and demand strict proof at time of trial.

29. This paragraph states Plaintiffs' factual characterizations to which no response is required. To the extent that a response is required, the Defendant denies the allegations set forth in paragraph 29 and demand strict proof at time of trial.

**RESPONSE TO ALLEGATIONS RELATED TO PLAINTIFF NICOLE MORGAN**

30. Defendant denies that Morgan was committed to the D.C. Jail on Friday, February 17, 2007. To the contrary, Morgan was commented to the D.C. Department of Corrections on February 6, 2007 by Judge Doyle on charge 2006 CMD 002294 Contempt, No Bond. A detention hearing was scheduled for Monday, February 13, 2006 on charge 2006 CMD 002294.

31.     Defendants deny that Morgan's release date on charge 2006 CMD 002294 was February 17, 2006.  To the contrary, Morgan's release date on charge 2006 CMD 002294 was actually February 13, 2006 and a release order was issued by Judge Goodbread on February 13, 2006.  By way of further answer, however, while processing Morgan for release, a DOC Legal Instrument Examiner discovered an outstanding bench warrant for cause 2005 CTF 001003, also referenced as T-1003-05) issued on December 21, 2005.  After a thorough analysis was performed by the D.C. DOC Records Office, in conjunction with the D.C. Superior Court, it was determined that Morgan was due back in Superior Court on February 22, 2006 on the outstanding warrant.  Furthermore, Morgan was released on 2005 CTG 001003 on February 22, 2006 by the D.C. Superior Court after the outstanding warrant was cleared.

32.     Denied.  To the contrary, the Defendant released Morgan on the same date that all of her outstanding charges and warrants were processed and cleared.

33.     Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 33 of the amended complaint, but if material demands strict proof at time of trial.

**RESPONSE TO ALLEGATIONS RELATED TO PLAINTIFF MARQUETTA BENNETT**

34.     Defendant denies that Bennett was committed to D.C. Jail on Friday, March 3, 2006.  To the contrary, On January 30, 2006, Marquetta Bennett was transferred from FBOP custody and committed into D.C. Jail to commence service of a 45 day consecutive sentence in case M7741-05.  A sentence calculation determined a projected release date of March 10, 2006.

35.     Defendant denies that Bennett was due to be released on March 3, 2006.  A sentence calculation determined a projected release date of March 10, 2006.  By way of further answer, On March 10, 2006, while performing a release clearance, D.C. DOC Records Office personnel

computer research uncovered Bennett's prior misdemeanor bench warrant for criminal case No. M457-03, which was issued on October 13, 2005. A D.C. Superior Court hearing pertaining to bench warrant in criminal case No. M457-03 was scheduled for March 14, 2006, and a Release Order was issued. The release order was date/time stamped 8:57 p.m. however, and Bennett could not lawfully be release on March 14, 2006, by the 10:00 p.m., statutory cut-off time, given the need to check any other outstanding wants or holds. Therefore, Bennett was released from D.O.C. custody on March 15, 2006.

36. Defendant admits that Bennett was released one day after her release date. Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 36 of the amended complaint, but if material demands strict proof at time of trial.

37. Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 37 of the amended complaint, but if material demands strict proof at time of trial.

**RESPONSE TO ALLEGATIONS RELATED TO PLAINTIFF STEPHEN MORENAU**

38. Defendant denies that Morenau was committed to the D.C. Jail on Tuesday, February 21, 2006. To the contrary, Morenau was committed to D.C. Jail on February 6, 2006 as a pretrial misdemeanant in case number 2006-CTF-002264, "No Permit held without bond. Two days later, on February 8, 2006, a D.C. Superior Court Judgment and Commitment Order sentenced Morenau to twenty (20) days execution of the sentence suspended with six (6) months unsupervised probation, which accompanied a Court Ordered Release for case number 2006-CTF-002264 signed by Superior Court Judge Michael McCarthy. By way of further answer, a third Superior Court Judgment and Commitment Order dated February 8, 2006 contained

Morenau's name and Identification Number (PDID), which referenced "Revoked Probation" and sentenced Morenau to 14 days in jail.

39. Defendant denies that Morenau's release date was February 21, 2006. To the contrary, after reviewing the discrepancies related to the three orders, jail credit, and sentences, D.C. Jail Record's Office calculated Morenau's release date to be February 19, 2006. However, this calculation did not occur until February 24, 2006 since the disparate Judgment and Commitment Orders appeared to permit Morenau's incarceration until that date. Morenau was released on February 25, 2006.

40. This paragraph 40 states a conclusion of law to which no response is required. To the extent that a response is required, the Defendant denies the allegations, and strict proof is demanded at time of trial.

41. Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 41 of the amended complaint, but if material demands strict proof at time of trial.

**RESPONSE TO ALLEGATIONS RELATED TO PLAINTIFF DELONTA REEVES**

42. Defendant denies that Reeves' commitment date was Monday, April 3, 2006. To the contrary, Reeves was committed on March 29, 2006 in criminal case No. 06-148 for the charge of Controlled Substance Act, and held without bond by Judge Facciola.

43. Defendant admits that on April 3, 2006, Reeves was court ordered release in criminal case no. 06-148 on bond by Judge Robinson. By way of further answer, Reeves' release papers was not received in the D.C. DOC Records Office until 7:45 p.m., There is a 3.5 hour time frame to process an inmate for release and because of the D.C. Jail Improvement Act of 2003, Reeves could not be timely processed out of the facility before 11:00 p.m. To prevent from

being in violation of D.C. Jail Improvement Act, Mr. Reeves was not released out of the facility until April 4, 2006.

44. Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 44 of the amended complaint, but if material demands strict proof at time of trial.

45. Paragraph 45 states conclusions of law to which no response is required. To the extent that a response is required, Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 45 of the amended complaint, but if material demands strict proof at time of trial.

46. Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 46 of the amended complaint, but if material demands strict proof at time of trial.

**RESPONSE TO ALLEGATIONS RELATED TO PLAINTIFF SANTOS MELENDEZ**

47. Defendant denies that Melendez was committed to the D.C. Jail on Wednesday, January 25, 2006. To the contrary, Melendez was committed to D.C. Jail on December 1, 2005, regarding criminal case nos. DV4040-05 and DV4041-05.

48. Defendant admits that one of Melendez's release orders was dated January 27, 2006, but the other release orders were not. On December 8, 2005, the Jail received a release order in criminal case no. DV4040-05; however, also received a court order for Melendez to be held with "No Bond" in a third criminal case, referenced as No. DV2664-05. On January 25, 2006, the Jail received a release order in criminal case no. DV2664-05.

49. Paragraph 49 states conclusions of law to which no response is required. To the extent that a response is required, Defendant lacks knowledge and information sufficient to form a

belief as to the truth or falsity of the allegations of paragraph 49 of the amended complaint, but if material demands strict proof at time of trial.

50.     Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 50 of the amended complaint, but if material demands strict proof at time of trial.

**RESPONSE TO ALLEGATIONS RELATED TO PLAINTIFF FRANK WEST**

51.     Admitted.

52.     Defendant denies that West was due to be released on July 2, 2006.  To the contrary the D.C. Superior Court Release Order is signed on July 3, 2006, and effective that date.  Defendant admits that West was not released until 7:05 a.m. on July 4, 2007, to avoid violation of the D.C. Jail Improvement Act, which prevents releases after 10:00 p.m.

53.     Paragraph 53 states conclusions of law to which no response is required.  To the extent that a response is required, Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 53 of the amended complaint, but if material demands strict proof at time of trial.

54.     Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 54 of the amended complaint, but if material demands strict proof at time of trial.

**RESPONSE TO ALLEGATIONS RELATED TO PLAINTIFF JEFFREY THOMAS**

55.     Admitted.  By way of further answer, Thomas was sentenced on count 1 to serve 45 days, count 3 to serve 55 days, and count 4 to serve 45 days e.s.s. all running concurrently.

56.     Defendant denies that West was due to be released on August 19, 2006.  To the contrary, Thomas was not due to be released any time prior to August 26, 2006.

57.     Paragraph 57 states conclusions of law to which no response is required.  To the extent that a response is required, Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 57 of the amended complaint, but if material demands strict proof at time of trial.

58.     Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 58 of the amended complaint, but if material demands strict proof at time of trial.

**RESPONSE TO ALLEGATIONS RELATED TO PLAINTIFF ROCHELLE WIGGINS**

59.     Defendant denies that Wiggins was due to be released on March 9, 2006.  By way of further answer, on July 22, 2005 Ms. Wiggins was committed into D.C. Jail in criminal case Nos. M7570-05, M5763-05, and M7537-05.  On July 29, 2005 the D.C. Jail Records Office received a release order in criminal case N.  M7520-05.   Also on July 29, 2005, Wiggins was sentenced to serve 100 days in case M7537-05, and sentenced to serve 30 days in case M5763-05.  Both sentences were ordered to be served in a halfway house.  A total of 130 days were to be served.  Wiggins' total sentences projected to expire on November 6, 2005.  Wiggins was transferred to a halfway house on August 15, 2005; but, she escaped from the halfway house on August 22, 2005.  On August 25, 2005, the court issued an order for Rochelle Wiggins to be held in criminal case No. M8900-05.  On August 26, 2005, the court issued an order for Rochelle Wiggins to be held in criminal case no. F4903-05, a federal charge.  On March 3, 2006, the court sentenced Rochelle Wiggins to serve six (6) months in criminal case no. F4903-05.  Jail credit from November 27, 2005 thru March 2, 2006 (96 days) was applied.  A tentative projected release date of May 26, 2006, was determined.   However, since this charge was a "felony" by statute, the Federal Bureau of Prisons maintained jurisdiction of Wiggins.  On March 4, 2006, the D.C.

Jail received a release order in criminal case no. M8900-05.  However, Wiggins could not be released because she was still in service of the six (6) month sentence in criminal case no. F4903-05.  Further, Answering Defendant states that on May 8, 2006, D.C. Jail released Rochelle Wiggins to the U.S. Marshals, and she was turned over to the custody of FBOP to serve the remainder of the six (6) month felon sentence in criminal case no. F4903-05.

60.     Defendant specifically denies the allegations set forth in this paragraph 60.  To the contrary, at all times Wiggins was lawfully held in D.C. Jail.

61.     Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 61 of the amended complaint, but if material demands strict proof at time of trial.

**RESPONSE TO ALLEGATIONS RELATED TO PLAINTIFF CHAWNDRA ROYAL**

62.     Defendant denies that Royal was committed to the D.C. Jail, and if material, strict proof is demanded at time of trial.

63.     This paragraph 63 states conclusions of law to which no response is required.  To the extent that a response is required, Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 63 of the amended complaint, but if material demands strict proof at time of trial.

64.     Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 64 of the amended complaint, but if material demands strict proof at time of trial.

**RESPONSE TO ALLEGATIONS RELATED TO PLAINTIFF ASA SEELEY**

65.     Defendant admits that Seeley was committed to D.C. Jail custody on January 12, 2007 on two charges:  (1) A fugitive waiver charge under case no. 2007 FUG 1021; and, (2) A

distribution of cocaine charge under 2004 FEL 004513. "No bond" status was imposed on the cocaine distribution charge.

66.     Defendant admits that Seeley was due to be released on the fugitive waiver charge on January 17, 2007. By way of further answer, while Seeley was still in custody, it was determined that another fugitive waiver charge was pending under case number 2007 FUG 002235, for which a D.C. Superior Court Judge issued an Order for Return of Fugitive Upon Waiver on January 26, 2007. The Order detained Seeley at the D.C. Jail pending return to the State of Maryland, and gave the Maryland authorities until January 31, 2007 to pick her up from D.C. Jail, not including Saturday, Sunday or Legal Holidays.

67.     Paragraph 67 states conclusions of law to which no response is required. To the extent that a response is required, Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 67 of the amended complaint, but if material demands strict proof at time of trial.

68.     Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 68 of the amended complaint, but if material demands strict proof at time of trial.

## RESPONSE TO SUBSTANTIVE ALLEGATIONS

### RESPONSE TO COUNT I
### (NEGLIGENT TRAINING AND NEGLIGENT SUPERVISION)

69.     Defendant repeats its responses to the allegations of paragraphs 1-68 of the amended complaint as if set forth at length herein.

70.     These allegations within paragraph 70 do not pertain to the answering defendant, but if material, this Defendant denies these allegations, and demands strict proof at time of trial.

71. The allegations of paragraph 71 do not pertain to the answering defendant, but if material, this Defendant denies these allegations, and demands strict proof at time of trial.

72. The allegations of paragraph 72 do not pertain to the answering defendant, but if material, this Defendant denies these allegations, and demands strict proof at time of trial.

73. The allegations of paragraph 73 do not pertain to the answering defendant, but if material, this Defendant denies these allegations, and demands strict proof at time of trial.

74. Defendant specifically denies these allegations set forth in paragraph 74, and demands strict proof at time of trial.

75. The allegations of paragraph 75 do not pertain to the answering defendant, but if material, this Defendant denies these allegations, and demands strict proof at time of trial.

76. Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 76 of the amended complaint, but if material demands strict proof at time of trial.

**RESPONSE TO COUNT II**
**(VIOLATIONS OF THE FOURTH, FIFTH AND EIGHTH AMENDMENTS, AND, THROUGH THE FIFTH, THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION, AND VIOLATION OF THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983)**

77. Defendant repeats its responses to the allegations of paragraphs 1-68 and 70-76 of the amended complaint as if set forth at length herein.

78. The allegations of paragraph 78 do not pertain to the answering defendant. Further answering, these allegations are Plaintiffs' characterizations and conclusions of law to which Defendant denies these allegations, and demands strict proof at time of trial.

79. Defendant specifically denies these allegations set forth in paragraph 79, and demands strict proof at time of trial.

80. Defendant specifically denies these allegations set forth in paragraph 80, and specifically denies that these plaintiffs comprise a class or a putative class of plaintiffs, and demands strict proof at time of trial.

81. Paragraph 81 states conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations of unlawful conduct and denies that these plaintiffs comprise a class or a putative class of plaintiffs, and demands strict proof at time of trial.

82. Paragraph 82 states conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations of unlawful conduct and denies that these plaintiffs comprise a class or a putative class of plaintiffs, and demands strict proof at time of trial.

83. The allegations of paragraph 83 do not pertain to the answering defendant. Further answering, these allegations are Plaintiffs' characterizations and conclusions of law to which Defendant denies these allegations, and demands strict proof at time of trial.

84. Paragraph 84 states conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations of unlawful conduct, and demands strict proof at time of trial.

85. Paragraph 85 states conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations of unlawful conduct, denies that these plaintiffs comprise a class or a putative class of plaintiffs, and demands strict proof at time of trial.

**RESPONSE TO COUNT IV**
**(§1983 MONELL CUSTOM AND PRACTICE DIRECT LIABILITY OF DISTRICT OF COLUMBIA FOR VIOLATION OF FOURTH, FIFTH, EIGHTH AND, THROUGH THE FIFTH, FOURTEENTH AMENDMENT RIGHTS OF PLAINTIFFS)**

86. Defendant repeats its responses to the allegations of paragraphs 1-68, 70-76, and 78-85 of the amended complaint as if set forth at length herein.

87. Paragraph 87 states conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations of unlawful conduct, and demands strict proof at time of trial.

88. The District of Columbia denies the allegations set forth in paragraph 88 of the amended complaint, and if material, demands strict proof at time of trial.

89. Admitted.

90. The District of Columbia denies the allegations set forth in paragraph 90 of the amended complaint, and if material, demands strict proof at time of trial.

91. The District of Columbia denies the allegations set forth in paragraph 91 of the amended complaint, and if material, demands strict proof at time of trial.

92. This paragraph 92 states conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations of unlawful conduct, and demands strict proof at time of trial.

93. Paragraph 93 states conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations of unlawful conduct, and demands strict proof at time of trial.

**RESPONSE TO COUNT V**
**(FALSE IMPRISONMENT)**

94. Defendant repeats its responses to the allegations of paragraphs 1-68, 70-76, 78-85 and 87-93 of the amended complaint as if set forth at length herein.

95. Paragraph 95 states conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations, and demands strict proof at time of trial.

96. Paragraph 96 states conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations of unlawful conduct, and demands strict proof at time of trial.

97. The District of Columbia denies the allegations set forth in paragraph 97 of the amended complaint, and if material, demands strict proof at time of trial.

98. Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 98 of the amended complaint, but if material demands strict proof at time of trial.

99. Paragraph 99 states conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations of unlawful conduct, and demands strict proof at time of trial.

**RESPONSE TO PRAYERS FOR RELIEF FOR NICOLE MORGAN, MARQUETTA BENNETT, STEPHEN MORENAU, DELONTA REEVES, SANTOS MELENDEZ, FRANK WEST, JEFFREY THOMAS, ROCHELLE WIGGINS, CHAWNDRA ROYAL, AND ASA SEELEY, INDIVIDUALLY AND COLLECTIVELY**

No response is required to the remainder of the complaint, which sets forth Plaintiffs' prayers for relief. To the extent that a response is required, the Defendant denies the remaining allegations in the amended complaint.

### THIRD DEFENSE

All allegations not specifically admitted are denied.

### AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses based upon its current knowledge and information.

1. Administrative out-processing of inmates may delay release until all warrants and detainers clear through several national and international computer databases.

2. Delayed releases caused by computer malfunction do not rise to the level of unconstitutional deliberate indifference.

3. D.C. Superior Court Administrative Order 02-22 dated August 5, 2002 requires that the U.S. Marshal Service have an inmate's paperwork in hand before the inmate is returned to DOC custody.

4. Defendant cannot release an inmate after 10:00 p.m. as a matter of law.

5. The actions or failure to act which give rise to the claims alleged by Plaintiffs were the responsibility of or conducted by a person or party other than the District of Columbia.

6. Defendant, at all relevant times herein, acted consistently with relevant and applicable laws, rules, regulations, constitutional provisions, and standards of care.

7. Defendant reserves the right to assert any and all defenses which are supported by the facts learned through discovery or at trial herein.

8. The actions of the Defendant and all employees, officials, servants, and agents of the District of Columbia were, at all times relevant to this action, reasonable, in good faith, and in full compliance with the law.

9. To the extent plaintiffs seeks an award of unliquidated damages against the District of Columbia under local law, such award is barred for failure to meet the requirements of D.C. Code § 12-309.

10. The local law claims are barred by the District of Columbia's discretionary function immunity.

11. Plaintiffs have failed to plead facts sufficient to support the exercise of the Court's equitable jurisdiction.

12. Defendant states that it asserts these affirmative defenses based upon information presently available and in order to avoid waiver. Defendant reserves the right to withdraw any of these affirmative defenses or to assert additional affirmative defenses as further information becomes available.

**WHEREFORE**, Defendant prays for a judgment dismissing the amended complaint with prejudice and awarding it the costs and disbursements of this action, together with attorneys' fees, and such additional relief as this court may deem just and proper.

    Respectfully submitted,

    LINDA SINGER
    Attorney General for the District of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General, Civil Litigation Division


    /s/ Ellen A. Efros
    ELLEN A. EFROS
    Chief, Equity I

    /s/ Denise J. Baker
    DENISE J. BAKER
    Assistant Attorney General
    441 Fourth Street, N.W., Suite 6S079
    Washington, D.C. 20001
    (202) 442-9887 (telephone)
    (202) 727-3625 (fax)