UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NICOLE MORGAN, et al     * | |
|     * | |
| Plaintiffs     * | |
|     * | Civil Action No. 07-00172 (RCL) |
| v.     * | |
|     * | |
| DISTRICT OF COLUMBIA, et al     * | |
|     * | |
| Defendants     * | |

**PLAINTIFFS' OPPOSITION TO DEFENDANT DEVON BROWN'S MOTION
TO DISMISS THE AMENDED COMPLAINT**

COMES NOW, the Plaintiffs, by and through their attorneys John O. Iweanoge, II and THE IWEANOGES' FIRM, P.C. and respectfully requests this Honorable Court to deny Defendant's Motion to Dismiss Plaintiffs Complaint against Devon Brown premised on qualified immunity. Memorandum of points and authorities supporting Plaintiffs' Opposition to Defendant's motion to dismiss is attached hereto.

                               Respectfully submitted,
                               THE IWEANOGES' FIRM P.C.

By:___/s/*JohnIweanoge*/s/_____
       John O. Iweanoge, II
       Jude C. Iweanoge
       IWEANOGE LAW CENTER
       1026 Monroe Street, NE
       Washington, DC 20017
       Phone: (202) 347-7026
       Fax: (202) 347-7108
       Email: jci@iweanogesfirm.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NICOLE MORGAN, et al**  * <br> * <br> **Plaintiffs** * <br> * <br> **v.** * <br> * <br> **DISTRICT OF COLUMBIA, et al** * <br> * <br> **Defendants** * | Civil Action No. 07-00172 (RCL) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORTS OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

**BACKGROUND FACTS**

This case arises from the Department of Corrections long and documented history of overdetaining detainees and inmates past their release dates. Federal law and the law of District of Columbia requires that a prisoner shall be released by the Department of Corrections on the date of the expiration of the prisoners' term of imprisonment, less any time credited toward the service of the prisoners' sentence. Nonetheless, Defendant Devon Brown, the director of the Department of Corrections, have continued to implement policies and customs that violates the rights of prisoners who are eligible for release.

Defendant Devon Brown has ultimate supervisory authority for all operations of the Department of Corrections and is ultimately responsible for the functioning of the Department of Corrections' records office, and all other Department of Corrections

facilities. He is also responsible for ensuring that each employee of the Department of Corrections discharges his or her duties in accordance with the law.

The cause of the overdetention of Plaintiffs is a deliberate indifference by Defendant District of Columbia to the rights of detainees and prisoners to be released on their Release Dates, in as much as the Department of Corrections has no effective inmate management system that can ensure release of prisoners by their Release Dates. The fact that the Department of Corrections has no effective inmate management system has been documented by a series of reports and recommendations dating back at least one decade. Moreover, employees in the DC Jail Records Office make up rules on an ad hoc basis because they receive little or no training.

Defendant Devon Brown as the director of the Department of Corrections is aware of the chaotic condition of the Records office inmate management system for years and has acquiesced in this conduct by failing to take meaningful, sustained, corrective action. Despite Defendant Brown's knowledge of the problem with many instances of over-detention, Defendant Devon Brown failed to take the necessary steps to ensure that Plaintiffs are released on their release dates.

## STANDARD OF REVIEW

Federal Rules of Civil Procedure, Rule 12(b)(6) provides that a claim may be dismissed for failing to state a claim upon which relief can be granted. The legal standard for a motion to dismiss pursuant to Rule 12(b)(6) is that the complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." _Conley v. Gibson,_ 355 U.S. 41, 45-46, (1957). The court accepts as true all of the complaint's

factual allegations giving "the benefit of all inferences that can be derived from the facts alleged," <u>Kowal v. MCI Communications Corp.</u>, 16 F.3d 1271, 1276 (D.C. Cir. 1994). The factual allegations of the complaint must be presumed true and liberally construed in favor of the plaintiff. <u>See Shear v. National Rifle Association of America</u>, 606 F.2d 1251, 1253 (D.C. Cir. 1979). At the Rule 12(b)(6) stage, the court does not access "the truth of what is asserted or determin[e] whether a plaintiff has any evidence to back up what is in the complaint." <u>Browning v. Clinton</u>, 292 F.3d 235, 241 (D.C. Cir. 2002) (quoting, <u>ACLU Found of S. Cal. V. Barr</u>, 952 F.2d 457, 467 (D.C. Cir. 1991)). Dismissal is only proper if, after the allegations of the complaint are construed in the light most favorable to the plaintiff, the facts and allegations in the complaint would fail to afford the plaintiff relief if proven. <u>Ezra v. Pedas</u>, 682 A.2d 173, 174 (D.C. 1996). Defendant Brown has failed to make a showing that the complaint fails to state a claim upon which relief can be granted or that he is entitled to qualified immunity.

    A.    **<u>DEFENDANT DEVON BROWN IS NOT ENTITLED TO QUALIFIED IMMUNITY</u>**

Government employees performing discretionary functions are generally immune from liability insofar as their conduct does not violate "clearly established statutory or constitutional right of which reasonable person would have known." <u>See</u> <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 815, 818 (1982); <u>Davis v. Scheres</u>, 468 U.S. 183 (1984). The test requires three determinations: (1) the specific right allegedly violated; (2) whether the right was so clearly established as to alert a reasonable governmental official to its constitutional parameters and (3) whether a reasonable official could have believed that the conduct was lawful." <u>Durso v. Taylor</u> 624 A.2d 449, 454 (D.C. app. 1993)(citing

4

Gooden v. Howard County, 917 F.2d 1355, 1360-61 (4th Cir. 1990). To evaluate a claim for qualified immunity, the court must first determine if the facts alleged, taken in the light most favorable to the injured party, show the officer's conduct violated a constitutional right. Brosseau v. Haugen, 543 U.S. 194, 1997 (2004).

Applying these legal principles to the facts alleged in this case, taken in light most favorable to Plaintiffs, Defendant's claim of qualified immunity should fail because the right to be free from illegal seizure guaranteed by the Fourth Amendment to the U.S. Constitution is a well recognized right which Defendant Brown is well aware of and the violation of plaintiff's constitutional rights was unreasonable.

The first prong is established because it is undisputed that Plaintiffs allegations in their amended complaint that they were detained past their release dates violate at least the Fourth and Fifth Amendments to the United States Constitution. On the face of the complaint, the plaintiffs allege that they by been detained past their release date, they were re-arrested or re-seized in violation of the Fourth Amendment. See Cannon v. Macon County, 1 F.3d 1558, 1562-63 (11th Cir. 1993); Berry v. Baca, 379 F.3d 764 (9th Cir. 2004); Arline v. City of Jacksonville, 359 F.Supp. 2d 1300, 1309-10 (M.D. Fla. 2005). There is a substantial body of law in support of the proposition that a plaintiff, who alleges overdetention, even for a very short period, states a claim for constitutional violations. See e.g. Berry v. Baca, 379 F.3d at 764; Lewis v. O'Grady, 853 F.2d 1366 (7th Cir. 1988).

The second prong is also established because the constitutional right against unlawful seizure is so well established that a reasonable official would understand that detaining an inmate beyond his release date violates that right. In a case such as this, the

5

issue is the prisoner's absolute right to freedom when there seizes to be any bar to his release. See Berry, 379 F.3d at 771-73; Brass v. County of Los Angeles, 328 F.3d 1192 (9th Cir. 2003); Lewis v. O'Grady, 853 F.2d at 1366.

Regarding the third prong, clearly, no reasonable prison official would believe that detaining an inmate pass his release date is lawful. In fact prior to the instant case, there has been a wide spread condemnation of the District of Columbia Department of Corrections practice and policy of detaining inmate pass their release dates and their inefficient implementation of the release procedures amounting to 'a policy of inaction [where] such inaction amounts to a failure to protect constitutional rights. See e.g. Bynum v. District of Columbia, Civil Action No. 02-956 (RCL) (certifying a class of about 4,000 former prisoners of the District of Columbia Department of Corrections who were overdetained beyond their court ordered release dates.)

Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986). In the case *sub judice*, Defendant Devon Brown is not entitled to qualified immunity because he knowingly implements the policy of the Department of Correction that causes overdetention despite his knowledge that the custom and/or policy violates the rights of inmates in the District of Columbia Department of Corrections. There have been numerous reports generated following the lapses in the Department of Corrections inmates release procedures and the Department of Corrections headed by Defendant Devon Brown, on more than one occasion have promised to implement a more reliable system that guarantees the rights of inmates but have failed to do so. In January 2006, the District of Columbia reached a settlement with overdetained class members in Bynum v.

6

District of Columbia, Civil Action No. 02-956 (RCL), wherein they agreed to improve their release procedure. However, no such system has been implemented and history continues to repeat itself, leading to the overdetentions alleged in the instant lawsuit.

Defendant argues that the "amended complaint fails to make any allegations whatsoever imputing personal liability to Director Brown." Def.'s Mot. at 4. However, despite the fact that Plaintiffs have stated sufficient facts in their complaint to establish that Director Brown acted with deliberate indifference, and knowledge of substantial interference to the Plaintiffs absolute right to freedom on their release date, and acquiesced I such conduct by his control over and/or supervisory authority over those that overdetained Plaintiffs, the Plaintiffs need not do so at this stage. Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163 (1993).

For example, in Atchinson v. District of Columbia, 73 F.3d 418 (D.C. Cir. 1996) the court had to decide whether a plaintiff asserting a section 1983 claim of municipal liability is required to allege the policy, specific custom or procedure that was adopted by the District that caused the constitutional violation. The Circuit Court following the Supreme Court's lead in Leatherman, determined that the plaintiff's complaint was not deficient simply because it "failed to identify a specific custom, policy statement, or procedure that caused his injuries," and otherwise "failed to state facts supporting its allegation." Atchinson v. District of Columbia, 73 F.3d at 422. Consequently, the Circuit Court found that it was enough for the plaintiff to "allege facts that may reasonably suggest misconduct sufficiently serious and obvious to justify an allegation of improper training." Id. In addition, the Circuit Court also found that plaintiff's use of the phrase "deliberate indifference" without any facts or even generalized factual allegations

7

regarding such alleged indifference renders the complaint adequate. <u>Id.</u> at 423.  Holding that the complaint sufficiently stated a claim against the District under section 1983, the court reversed the dismissal of plaintiff's complaint, which alleged that the District had violated plaintiff's civil rights by failing to train or supervise its police officers.

Defendant Brown further argues that he is entitled to qualified immunity because Plaintiffs have not alleged that he "had any personal involvement in the alleged failure to timely release any of the ten (1) named plaintiffs." Def.'s Mot. at 7. Nonetheless, he does not deny in his declaration, that Plaintiffs were overdetained while he was the Director, or of having control over or supervisory authority over those who did. <u>See generally</u>, Def.'s Mot. Ex. 1. Moreover, this case is far too early for a motion to dismiss, premised on an alleged failure to state with particularity, Defendant Browns involvement, to be appropriate. The issue of Defendant Brown's involvement and his entitlement to qualified immunity would be better addressed after the discovery process and development of facts in the instant case. Worthy of note is the fact that Defendant filed a motion to quash Plaintiffs subpoena which was sent to District of Columbia Department of Corrections in an attempt develop some of the facts in this case prior to the scheduling order in this matter. Therefore, the Defendant cannot argue that Plaintiffs have not alleged sufficient facts in their complaint and as such he is entitled to qualified immunity and at the same time impeding Plaintiffs efforts to discover information relevant to a determination of Defendant's Brown entitlement to qualified immunity.

WHEREFORE, Plaintiffs respectfully request this Honorable Court to deny Defendant Brown's motion to dismiss because he is not entitled to qualified immunity.

>Respectfully Submitted,
>THE IWEANOGES' FIRM, P.C.
>
>
>_____/s/*JohnIweanoge*/s/_____
>John O. Iweanoge, II
>**IWEANOGE LAW CENTER**
>1026 Monroe Street, NE
>Washington, DC  20017
>Phone: (202) 347-7026
>Fax: (202) 347-7108
>Email: joi@iweanogesfirm.com
>Attorney for Plaintiffs

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on 21st September 2007, a copy of the foregoing document was filed via electronic case filing system of the United States District Court for the District of Columbia and accordingly, that the Court will notify the Defendants through the court's e-file system.

>_____/s/_____
>Jude C. Iweanoge