**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NICOLE MORGAN, et al., on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>    v.<br><br>DISTRICT OF COLUMBIA, et al.,<br><br>          Defendants. | Civil Action No. 1:07cv00172 (RCL) |

**DEFENDANT, DEVON BROWN'S REPLY TO PLAINTIFFS'
OPPOSITION TO MOTION TO DISMISS**

Defendant, Devon Brown ("Director Brown"), Director of the District of Columbia's Department of Corrections ("DOC") sued solely in his individual capacity, by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby replies to Plaintiffs' opposition to Brown's entitlement to qualified immunity on all claims and causes alleged in the amended complaint. For reasons more fully set forth below, all claims against Brown should be dismissed with prejudice.

**I. PLAINTIFFS FAIL ALLEGED THE APPROPRIATE STANDARD OF REVIEW**

Plaintiffs fail to aver sufficient facts to support a claim for damages against Brown. Plaintiffs' reliance on the overruled case of *Conley v Gibson*, 355 U.S. 41, 45-45 (1957) in support of opposition to Brown's motion to dismiss is an admission that they cannot meet their burden to plead facts necessary to sustain their complaint against Director Brown. This Court no

longer is obliged to sustain a complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* To the contrary, Plaintiffs are required to, but did not, allege "more than labels and conclusions" to sustain their cause of action. *Bell Atlantic Corp. v Twombly,* 550 U.S. ___, ___, 127 S. Ct. 1955, 1969 (2007). Moreover, the Court held that a "mere formulaic recitation of the elements of a cause of action will not do." *Id.*

Plaintiffs have failed to allege any set of facts that would abrogate Director Brown's qualified immunity. Moreover, plaintiffs' amended complaint, like the complaint before it, is a mere formulaic recitation, in fact it is a copy of a previously filed class action before this court. *See Barnes v District of Columbia,* 242 F.R.D. 113 (D.D.C. 2007).

There are no specific factual allegations against Director Brown to sustain this action against him in his individual capacity.[1] No "act" or personal involvement by Brown is alleged. There is little, if any "reasonably founded hope that the [discovery] process will reveal relevant evidence to support the claim" against Director Brown in his individual capacity. *Id.* at n. 8. (*quoting Dura Pharmaceuticals, Inc. v. Broudo,* 544 U.S. 336, 347 (2005). Failing to meet the requisite pleading standard, this amended complaint should be dismissed against Director Brown.

---

[1] The generalized claims against Brown in the amended complaint ¶¶ 19-21, below, do not sufficiently allege "facts":

> 19. As Director, Defendant Devon Brown is the policy maker for the Department of Corrections.
>
> 20. Defendant Devon Brown has ultimate supervisory authority for all operations of the Department of Corrections and is ultimately responsible for the functioning of the Department of Corrections' records office, and all other Department of Corrections facilities.
>
> 21. Defendant Devon Brown is also responsible for ensuring that each employee of the Department of Corrections discharges his or her duties in accordance with the law. Defendant District of Columbia, the Department of Corrections and Devon Brown have acquiesced in the Records Offices' chaotic and slovenly procedures by failing to take meaningful, sustained, corrective action.

## II. DIRECTOR BROWN IS ENTITLED TO QUALIFIED IMMUNITY

Questions of qualified immunity should be resolved "at the earliest possible stage of the litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991). Plaintiffs do not allege that Director Brown had any personal involvement in the alleged failure to timely release any of the ten (10) named plaintiffs. Personal participation is an essential allegation in a 42 U.S.C. § 1983 action. *See Bennett v. Passic,* 545 F.2d 1260, 1262-63 (10th Cir.1976). Here, allegations setting forth any personal participation by Director Brown are wholly absent. Director Brown reiterates that plaintiffs' claims against him should be dismissed with prejudice.

## III. CONCLUSION

For all the reasons set forth above, Plaintiffs' amended complaint should be dismissed with prejudice as to Defendant, Devon Brown.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Ellen A. Efros
ELLEN A. EFROS
Chief, Equity I

/s/ Denise J. Baker
DENISE J. BAKER
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S079
Washington, D.C. 20001
(202) 442-9887 (telephone)
(202) 727-3625 (fax)