IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| NICOLE MORGAN, et al., | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No. 1:07cv00172 (RCL) |
| DISTRICT OF COLUMBIA, et al., | ) ) ) | |
| Defendants. | ) ) | |

**THE PARTIES' RULE 16.3 REPORT**

Pursuant to Fed. R. Civ. P. 16 and LCvR 16.3, the parties, by and through undersigned attorneys submit the following report:

**A.   STATEMENT OF CLAIMS:**

This case arises out of the Defendant's violation of rights secured to the Plaintiffs under the constitution of United States and laws of the District of Columbia because the Defendant held Plaintiffs at a District of Columbia Department of Corrections facility past their release dates after they have been ordered released by a judicial officer.

**B.   STATEMENT OF DEFENSES:**

Defendant, the District of Columbia, alleges that some of the plaintiffs were released on time, and therefore, fail to state a claim for overdetention or constitutional violations under the 8th amendment.  Further, administrative out-processing of some of the plaintiffs may have resulted in minimal delays in out-processing incident to a lawful release, such as returning personal belongings, processing paperwork, and computerized checks for wants and holds.  Discretionary function, immunity, and the public duty doctrine bar claims.  The District believes it acted in accordance with all laws, regulations, etc. and that if there are any damages, they are a result of a party other than the District.

C. **AGREEMENTS OF THE PARTIES AND DISCOVERY PLAN:**

    1.    Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.

The Plaintiffs do not believe that the case can be disposed of by dispositive motions. The Defendant believes that several of the claims or issues in this case may be disposed of by dispositive motion. A motion to dismiss has been filed by the District Defendants, which resulted in the dismissal of Devon Brown, Director of the District of Columbia Department of Corrections ("DOC").

    2.    The date by which any other parties shall be joined or the pleadings amended, and whether some or all of the factual and legal issues can be agreed upon or narrowed.

Plaintiffs intend to join no less than two (2) additional plaintiffs to the action. The District may move to consolidate this action with Barnes v. DC, civil action no. 06-315 (RCL).

The parties agree that any other parties should be joined and/or the pleadings amended within 30 days after the Scheduling Conference.

    3.    Whether the case should be assigned to a magistrate judge for all purposes, including trial.

The parties agree that the case should not be assigned to a magistrate judge for all purposes. However, the parties agree that a magistrate judge could be assigned to resolve any discovery matters.

    4.    Whether there is a realistic possibility of settling the case.

The parties believe that settlement is a realistic possibility.

    5.    Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.

The parties agree that they may benefit from mediation with a mediator appointed through the Circuit Executive Office. Mediation should be set for 30 days after the close of fact discovery.

6. Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

The parties propose the following dates for filing of dispositive motions, oppositions and reply motions:

    a. Dispositive Motion: 45 days after the close of expert discovery

    b. Oppositions: 20 days after filing of dispositive motion

    c. Replies: 11 days after filing of opposition

7. Whether the parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1) and if not, what if any changes should be made in the scope, form or timing of those disclosures.

The parties agree to dispense with the initial disclosures required by Fed. R. Civ. 26(a)(1).

8. The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

The parties agree to the following discovery plan:

    a. Fact discovery, including answers to interrogatories, document production, admissions, and depositions to be completed within 180 days after the Scheduling Conference.

    b. The number of interrogatories be limited to 25 per side.

    c. The number of depositions to be limited to 15 per side.

    d. The duration of each deposition to be limited pursuant to LCvR 26.2(c).

At this time, it does not appear that a protective order is necessary.

9. Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2) should be modified, and whether and when depositions of experts should occur.

The parties agree that expert witness reports and information should be exchanged and expert discovery should occur as follows:

      a.    Plaintiff's Expert Report:    45 days after the close of fact discovery

      b.    Defendants' Expert Report:    75 days after the close of fact discovery

      c.    Close of Expert Discovery:    105 days after the close of fact discovery

10. In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

Not applicable.

11. Whether the trial and/or discovery should be bifurcated or managed in phases and a specific proposal for such bifurcation.

The parties agree that bifurcation of the trial and/or discovery is not necessary at this time. However, defendants reserve the right to move to bifurcate the trial and/or discovery if the need should arise.

12. The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter.)

The parties agree that a pretrial conference should be set, if necessary, 45 days after the Court rules upon any dispositive motion.

13. Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after the pretrial conference.

The parties agree that the trial date should be set at the pretrial conference from 30 to 60 days after the pretrial conference.

14. Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

None.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Ellen A. Efros
ELLEN A. EFROS
Chief, Equity I

/s/ Denise J. Baker
DENISE J. BAKER
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S079
Washington, D.C. 20001
(202) 442-9887 (telephone)
Counsel for the District of Columbia


Respectfully submitted,
THE IWEANOGES FIRM, P.C.

/s/ John Iweanoge
John O. Iweanoge, II
Jude C. Iweanoge
Charles C. Iweanoge
Iweanoge Law Center
1026 Monroe Street, NE
Washington, DC 20017
Phone: (202) 347-7026
Fax: (202) 347-7108
Counsel for Plaintiffs

**[CAPTION]**

**PROPOSED SCHEDULING ORDER**

UPON CONSIDERATION of the Parties' LCvR 16.3 Report and the entire record herein, it is this _____ day of _____, 2007, hereby ordered that:

1. The parties need not exchange the initial disclosures required by Fed. R. Civ. 26(a)(1).

2. Fact discovery, including answers to interrogatories, document production, admissions, and depositions to be completed within 180 days after the Scheduling Conference.

3. The number of interrogatories is to be limited to 25 per side.

4. The number of depositions is to be limited to 15 per side.

5. The duration of each deposition is to be limited pursuant to LCvR 26.2(c).

6. Plaintiff's expert report(s) and information shall be served no later than 45 days after the close of fact discovery.

7. Defendants' expert report(s) and information shall be served no later than 75 days after the close of fact discovery.

8. All discovery on the parties' experts shall close 105 days after the close of fact discovery.

9. All dispositive motion shall be filed no later than 45 days after the close of expert discovery.

10. Memoranda of points and authorities in opposition to any dispositive motions shall be filed no later than 20 days after filing of the dispositive motion.

11. Reply memoranda shall be filed no later than 11 days after filing of the opposition(s).

      12.    A pretrial conference shall be set, if necessary, 45 days after the Court rules upon any dispositive motion.

      13.    The trial date should be set at the pretrial conference from 30 to 60 days after the pretrial conference.

_____        _____
Date                                                        **ROYCE C. LAMBERTH**
                                                            United States District Judge
                                                             for the District of Columbia