IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
NICOLE MORGAN, et al.,             )
                                   )
                                   )
          Plaintiffs,              )
                                   )   Civil Action No. 1:07cv00172 (JDB)
     v.                            )
                                   )
DISTRICT OF COLUMBIA, et al.,      )
                                   )
          Defendants.              )
_____)

**DEFENDANT DISTRICT OF COLUMBIA'S REPLY TO PLAINTIFFS' OPPOSITION
TO MOTION TO COMPEL
DISCOVERY DOCUMENTS AND DEPOSITION SCHEDULE**

In their Opposition to Defendant's Motion, Plaintiffs assert various and sundry reasons for failing to submit responses to discovery and in scheduling requested depositions. (Dkt. No. 27; Mem. op. ¶¶ 3-10). Plaintiffs fail to assert, however, why these myriad reasons previously were not shared with the Defendant, informally as provided by the Rules, or in a motion for additional time to respond. Fed. R. Civ Pro. 6(b); 37. Even now, at this very late date, the responses to interrogatories and requests for production remain unanswered.

It is disingenuous of Plaintiffs to aver in their opposition that there are over 100 days remaining in the scheduling order to complete fact discovery (Mem. op. ¶ 12), while at the same time alleging that several of the Plaintiffs are outside the jurisdictional limits, incarcerated, or moved. (*Id*. at 5-6.). These two facts, taken together, support the probability that discovery may never be had from several of the Plaintiffs, or at best, that discovery will be difficult to obtain during the 100 days remaining for fact discovery. In either case, Defendant is severely

prejudiced in its efforts to comply with the outstanding order of this Court to complete discovery in a timely manner, and in an effort to exonerate itself from Plaintiffs' claims.

On January 15, 2008, Defendant sent a proposed deposition schedule to Plaintiffs since scheduling ten (10) depositions is difficult under the best of circumstances. To date, Plaintiffs have not even responded to the proposal. Defendant asks for this Court's intervention to compel the depositions or to preclude Plaintiffs' testimony.

Defendant sent written discovery requests on December 5, 2007. To date, Plaintiffs have not responded at all. Defendant asks for this Court's intervention to compel the responses or preclude Plaintiffs' use thereof at trial or in a dispositive motion.

This Court is aware of the complexities of the claims raised by Plaintiffs in this action, as well as the level of litigation management required for defense and prosecution. *See generally*, *e.g.*, *Bynum v. District of Columbia*, 412 F. Supp. 2d 73 (D.D.C. 2006); *Barnes v. District of Columbia*, 242 F.R.D. 2d 113 (D.D.C. 2007). Plaintiffs' "grab-bag" of excuses for failures to attend to discovery do not meet that level, and beg the question of whether continued failures to abide by court order and rule of law will inure to the detriment of the Defendant. That question must be answered unequivocally in the affirmative. Thus, absent Plaintiffs' immediate compliance with all attendant discovery obligations, they should be precluded from maintaining this suit.

WHEREFORE, Defendant prays that the instant motion be granted and that Plaintiffs be ordered to immediately and fully respond to written discovery and coordinate and expedite a deposition schedule for all named plaintiffs. In the alternative, Defendant prays this action be dismissed with prejudice.

Respectfully submitted,

PETER NICKLES
Interim Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

ELLEN EFROS [250746
Chief, Equity I

__/s/_____
DENISE J. BAKER [493414]
Assistant Attorney General, DC
441 Fourth Street, NW
Sixth Floor South
Washington, DC  20001
202-442-9887
Denise.baker@dc.gov