**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| NICOLE MORGAN, et al., on behalf of themselves and all others similarly situated, ) ) ) ) ) ) | |
| Plaintiffs, ) ) | Civil Action No. 1:07cv00172 (RCL) |
| v. ) ) | |
| DISTRICT OF COLUMBIA, et al., ) ) ) | |
| Defendants. ) ) | |

**DEFENDANT, DISTRICT OF COLUMBIA'S, CONSENT MOTION TO TAKE THE DEPOSITION OF INCARCERATED PLAINTIFFS**

Pursuant to Fed. R. Civ. P. 30(a)(2), and for the reasons set forth in the accompanying memorandum of points and authorities, Defendant, the District of Columbia (hereinafter "the District"), by and through undersigned counsel, moves this Court for an order authorizing the deposition of Plaintiffs, Rochelle Wiggins (hereinafter "Wiggins") and Delonta Reeves (hereinafter "Reeves").

Pursuant to LCvR 7(m), undersigned counsel contacted plaintiffs' counsel by telephone to obtain consent for the relief sought. Plaintiffs' counsel consented to the relief sought.

A proposed order is attached for this Court's convenience.

                                      Respectfully submitted:

                                      PETER NICKLES
                                      Interim Attorney General for the District of Columbia

                                      GEORGE C. VALENTINE
                                      Deputy Attorney General

Civil Litigation Division

ELLEN EFROS [250746]
Chief, Equity Section I

/s/ Denise J. Baker
Denise J. Baker
D.C. Bar No. 493414
Assistant Attorney General
441 4th Street, Northwest, 6th Floor South
Washington, D.C. 20001
202-442-9887 (Telephone)
202-727-0431 (Facsimile)
Denise.baker@dc.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| NICOLE MORGAN, et al., on behalf of themselves and all others similarly situated, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| DISTRICT OF COLUMBIA, et al., | ) ) ) |
| Defendants. | ) ) |

Civil Action No. 1:07cv00172 (RCL)

**DEFENDANT, DISTRICT OF COLUMBIA'S, MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CONSENT MOTION TO TAKE THE DEPOSITION OF INCARCERATED PLAINTIFFS**

Pursuant to Fed. R. Civ. P. 30(a)(2), Defendant, the District of Columbia (hereinafter "the District"), by and through undersigned counsel, moves this Court for an order authorizing the deposition of Plaintiffs, Rochelle Wiggins (hereinafter "Wiggins") and Delonta Reeves (hereinafter "Reeves"), and in support thereof aver:

**I.   BACKGROUND**

On Tuesday, July 8, 2008, the District was provided the contact information for two (2) of the Plaintiffs in the above-captioned suit. At that time, Plaintiffs' counsel confirmed the imprisonment status and location of the following Plaintiffs:

> Rochelle Wiggins
> Inmate Number: 37388-007
> USP Hazelton
> U.S. Penitentiary

       P.O. Box 2000
       Bruceton Mills, WV 26525
       Phone: (304) 379-5000

       Delonta Reeves
       Inmate Number 28574-016
       CI Rivers
       Correctional Institution
       P.O. Box 630
       Winton, NC 27986
       Phone: (252) 358-5200

In order to complete the discovery process, the District seeks to depose these plaintiffs.

## II.  LEGAL ARGUMENT

### A. Leave of Court is Required to Depose Prisoners

The rule governing depositions provides in relevant part:

> (1) A party may take the testimony of any person, including a party, by deposition upon oral examination without leave of court except as provided in paragraph (2). . . .
> (2) A party must obtain leave of court . . . if the person to be examined is confined in prison . . . .

Fed. R. Civ. P. 30(a).  *See Kendrick v. Schnorbus*, 655 F.2d 727, 728-29 (6th Cir. 1981); *Williams ex rel. Williams v. Greenlee*, 210 F.R.D. 577, 578 (N.D. Tex. 2002); *Miller v. Bluff*, 131 F.R.D. 698, 699-700 (M.D. Pa. 1990).  Thus, Fed. R. Civ. Pro. 30(a)(2) requires that the District secures a judicial order prior to deposition.

### B. Permission from Prison Officials is Required

Also, the District is concerned that it will not be able to coordinate and secure permission from the respective correctional institutions to provide telephonic access to these inmates without an appropriate court order directing that the correctional institutions cooperate with the deposition process.  *See Kendrick v. Schnorbus*, 655 F.2d 727, 728 (6th Cir. 1981) (suggesting

that the apparent purpose of the rule is to "prevent unnecessary disruption of the administration of the penal institution").

Thus, the District requests that the issued order direct the correctional institutions to cooperate, to the extent possible, by providing access to the prisoners for a period of time not exceeding four (4) hours each, a telephone conference line, and an adequately private room for the inmate to be deposed. An order permitting the prisoners' depositions without a concomitant order directing the prison administrators' cooperation would do little to achieve the stated purpose.

### III.    CONCLUSION

For the reasons stated above, the District request that this Court order that plaintiffs, Reeves and Wiggins be deposed telephonically at their respective correctional institutions within sixty (60) days of the order.

Respectfully submitted:

PETER NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

ELLEN EFROS [250746]
Chief, Equity Section I

/s/ Denise J. Baker
Denise J. Baker
D.C. Bar No. 493414
Assistant Attorney General
441 4th Street, Northwest, 6th Floor South
Washington, D.C. 20001
202-442-9887 (Telephone)
202-727-0431 (Facsimile)
Denise.baker@dc.gov

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
                                                         )
NICOLE MORGAN, et al., on behalf of       )
themselves and all others                             )
similarly situated,                                       )
                                                         )
                                                         )
              Plaintiffs,                 )
                                                         )   Civil Action No. 1:07cv00172 (RCL)
          v.                                         )
                                                         )
DISTRICT OF COLUMBIA, et al.,             )
                                                         )
                                                         )
             Defendants.             )
_____)

## ORDER

UPON CONSIDERATION of Defendant's Consent Motion to depose plaintiffs confined in prison, pursuant to Fed. R. Civ. Pro 30(a)(2), it is, by the United States District Court for the District of Columbia this _____ day of _____, 2008,

ORDERED, that Defendant is authorized to depose Delonta Reeves and Rochelle Wiggins, both confined in prison, for a period of time not to exceed four (4) hours by teleconference;

IT IS FURTHER ORDERED, that the depositions shall be taken within sixty (60) days of the date ordered;

IT IS FURTHER ORDERED, that upon presentation of this Order to the respective correctional institutions in which Delonta Reeves or Rochelle Wiggins are imprisoned, the duly authorized administrator/warden of the correctional institution shall facilitate the deposition process, to the extent practicable, by providing the prisoner access to a telephone, a quiet room,

and coordination of the deposition date with counsel of record so that the prisoner will be

available on a date certain.

_____
ROYCE C. LAMBERTH
Judge, United States District Court for the
District of Columbia

Copies to:

Denise J. Baker, Esquire
Assistant Attorney General
441 4th Street, Northwest, 6th Floor South
Washington, D.C. 20001
202-442-9887 (Telephone)
202-727-0431 (Facsimile)

Jude C. Iweanoge, Esquire
John C. Iweanoge, Esquire
THE IWEANOGES' FIRM P.C.
Iweanoge Law Center
1026 Monroe Street, NE
Washington, D.C. 20017-1760
Ph: (202) 347-7026
Fax: (202) 347-7108