UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NICOLE MORGAN, et al**  \*  <br> **Plaintiffs**  \*  <br> \* **Civil Action No. 07-00172 (RCL)** <br> **v.**  \*  <br> \* <br> **DISTRICT OF COLUMBIA, et al**  \*  <br> **Defendant**  \*  <br> \* | |

### PLAINTIFFS' OPPOSITION TO DEFENDANT MOTION TO CONSOLIDATE THIS ACTION WITH PENDING CLASS ACTION WITH ACCOMPANYING MEMORANDUM OF POINTS AND AUTHORITIES

The Plaintiffs, by and through its undersigned counsel, files this opposition to Defendant's Motion to Consolidate this action with pending class action. In support thereof, the Plaintiffs state as follows:

1. That this matter arose from a complaint filed by ten (10) Plaintiffs against the District of Columbia because they were not released on their court ordered release date.

2. That Defendant is seeking to consolidate the case *sub judice* with a pending class action case <u>Barnes v. District of Columbia</u>, Civil Action No. 06-315 (RCL), which is a certified class of former prisoners that have asserted two claims premised on over-detention and strip search at D.C. Detention Center.

3. That the Plaintiffs in the case *sub judice* have not alleged any strip search neither are they seeking relief for such conduct. Plaintiffs' claims are limited to the single issue regarding their detention beyond their court ordered release date.

4. That despite the court's discretion pursuant to Rule 42(a) of the Federal Rules of Civil Procedure to consolidate separately filed cases that involve a common question of law of fact,

1

consolidation is not appropriate in this matter because of the risk of confusion to the jury and prejudice to Plaintiffs. See Scarborough v. National Association of Surety Bond Producers, 474 F. Supp. 2d 64 (D.C. 2007).

5.     That a plausible reading of the scheduling order in Barnes shows that the matter will ultimately result in settlement for the class unlike the scheduling order in the instant matter.

6.     That Plaintiffs have a constitutional and statutory right to have their case heard by a jury and consolidating their case with the Barnes case will deprive them of this right.

7.     That despite Defendant's assertion in its motion that the two cases are at nearly the same point in the pretrial process; however upon information and belief, the Barnes case has already concluded initial mediation and is close to reaching a settlement. Moreover, the parties in the case *sub judice* are close to completing fact discovery.

8.     That if the instant case is consolidated with the Barnes case, then it would deprive the Plaintiffs the opportunity to have a meaningful input in the outcome of their case assuming the Court would treat the two cases as a single action.

9.     That it is unclear from the Defendant's motion to consolidate, how allowing these two cases to proceed separately will generate needless duplication of efforts. On the contrary, consolidating these cases would require that the Defendant and Plaintiffs each duplicate all the work and exchange all the information that has already been done thus far. Besides it would lead to a delay in concluding the nearly completed settlement in Barnes.

10.    That in light of the nature of both actions, even assuming the Court decides to consolidate the cases; the cases would have to retain their own identity and thus defeating the underlying purpose of convenience and judicial economy.

11.     That while consolidation of cases is almost always proper whenever the conditions justify it, "the exercise of the power to consolidate should be carefully guarded, as it is frequently apt to lead to greater inconveniences." <u>Gilbert v. Washington Beneficial Endowment Ass'n</u>, 10 App. D.C. 316 (D.C. Cir. 1897).

WHEREFORE, Plaintiffs respectfully request that this Honorable Court deny Defendant's motion to consolidate for the aforestated reasons and in the interest of justice.

Respectfully Submitted,
THE IWEANOGES' FIRM, P.C.


____/s/*JohnIweanoge*/s/____
John O. Iweanoge, II
**IWEANOGE LAW CENTER**
1026 Monroe Street, NE
Washington, DC  20017
Phone: (202) 347-7026
Fax: (202) 347-7108
Email: joi@iweanogesfirm.com
Attorney for Plaintiffs


### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 30, 2008 a copy of the foregoing Plaintiffs Opposition to Defendant's Motion to Consolidate was filed via electronic case filing system of the United States District Court for the District of Columbia and accordingly, the Court will notify the Defendants through the court's e-file system.

____/s/JohnOIweanoge/s/____
John O. Iweanoge, II

3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**NICOLE MORGAN, et al**         *
    **Plaintiffs**              *
                              *      **Civil Action No. 07-00172 (RCL)**
    **v.**                          *
                              *
**DISTRICT OF COLUMBIA, et al**  *
    **Defendant**              *
                              *

## **ORDER**

UPON CONSIDERATION of Defendant's Motion to Consolidate and Plaintiff's Opposition and any Defendant's Reply thereto, it is this _____ day of _____, 2008, by the United States District Court for the District of Columbia,

**ORDERED** that Defendant's motion be and the same is hereby **DENIED**;

**FURTHER ORDERED** that _____

_____

_____

                                                                                                                                    _____
                                                                                                                                     **Judge**